10,271-21

Clerk Abel Acosta
Court of Criminal Appeals of Texas
P.O. Box 12308, Capitol Station
Austin, Texas  78711

This document contains some pages that are of poor quality at the time of imaging.

Dear District Clerk:

Enclosed please find the Original of Relator's Writ of Mandamus and two copies thereof to be filed with the Court for ruling on same.

Please notify me of the filing date with the Court and the Court's filing number for such purposes.

Thank you kindly for your attention and cooperation in these regards.

Sincerely your,

Robert Gordon TDCJ-ID#319173
Wynne Unit
810 FM 2821
Huntsville, Texas 77349

RECEIVED IN
COURT OF CRIMINAL APPEALS
APR 24 2015
Abel Acosta, Clerk

ROBERT GORDON,
     APPLICANT-RELATOR
VS.
TEXAS COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS,
WILLIAM STEPHENS, DIRECTOR,
     RESPONDENT'S

IN THE TEXAS COURT OF
CRIMINAL APPEALS
AUSTIN, TEXAS
CAUSE NO'S. 10085 AND
10238W, AND 13,472 AND
22778.

## APPLICATION FOR WRIT OF MANDAMUS.

TO THE HONORABLE JUDGES OF SAID COURT;

NOW COMES Robert Gordon, Relator, pro se in the above-style and numbered cause's of action and files this original Application for writ of Mandamus pursuant to Texas Constitution Article 5, Subsection C. See also Texas Constitution Article 5, Section 3. This authority is also found in Article 4.04 (1) of the Code of Criminal Procedure, and Texas Rule Appellate Procedure Article 52.1, See Matthaei vs. Clark,(Sup.1969) 110 Tex. 114, 216 S.W. 856; EX PARTE BROOKS,((r App 1986) 722 S.W. 2d 140.

See also Dallas Area Rapid Transit vs. Amalgamated Transit Union Local No. 1338 (Sup 2008) 273 S.W. 3d 659, Certiorari denied 129 S.Ct. 2767, 174 L.Ed.2d 284. See also Martin vs. Hamlin,----25 S.W. 3d 718 (Tex. Cr. App. 2000);See also State Ex rel. Healey vs. McMeans,--884 S.W. 2d 772 (Tex. Cr. App. 1994); EX PARTE Rodriguez vs. Court of Criminal Appeals, 980 S.W.2d 475 (Tex. CR.App. 1998).

I.

RELATOR;

     Robert Gordon TDCJ-ID#319173 is an offender incarcerated in the Texas Department of Criminal Justice--Institutional Division and is appearing pro se, who can be located at the Wynne Unit, 810 FM 2821, Huntsville, Texas 77349.

II.

RESPONDENT:

     Respondent Texas Court of Criminal Appeals, P.O.Box 12308,Capitol Station, Austin, Texas 78711.

     Respondent William Stephens Director P.O.Box 99, Huntsville, Texas 77342.

## III.

Relator has exhausted all remedies and has no other adequate remedy at law.

The act sought to be compelled is ministering not discretionary in nature. Braxton vs. Dunn,-803 S.W.2d 318, 320 (Tex. Cr. App. 1991). An act is ministerial "when the law clearly spells out the duty to be performed... with such certainty that nothing is left to the exercise of discretion or judgment". Texas Dept. of Corrections vs. Dalehite,623 S.W. 2d 20,24 (Tex. Cr. App. 1981).

The Court of Criminal Appeals and each judge thereof shall have, and is hereby given, the power and authority to grant and issue the issuance of writ of habeas, and in criminal matters, the writs of Mandamus, Procedendo, Prohibition, and Certiorari. The Court and each Judge thereof have , and is hereby given, the power and authority to grant and issue and cause the issuance of such other writs as may be necessary to protect its jurisdiction or enforce its judgments. Texas Constitution Article 5, Subsection C.

## IV.
### HISTORY OF THE STATE'S CASE AND IN CUSTODY REQUIREMENT

Relator was convicted in cause number 10085 and 10238W in which Relator pled guilty to the two cause's in exchange for two (2) four (4) year sentences to be ran concurrently, that would be probated.

Judge Lindsey personally participated in the plea bargaining processes. Relator was told by Judge Lindsey that is he decided at any time, that he was going to reject the plea bargain agreements, that Relator would be allowed, and shall be permitted to withdraw Relator's pleas of guilty. However, at the point in which Judge Lindsey heard the revocation of probation hearing he stacked cause number 10238W on top of cause number 10085, thereby rejecting the plea bargain agreements.

Page 3.

These plea bargain agreements were consolidated and tried at the same time as Relator plead guilty to both offenses at the same time in cause number's 10085 and 10238W. To provide evidence of this fact Relator would point this Court to the fact in order for Judge Lindsey to be able to consolidate these cause number's 10085 and cause number 10238W, Relator had to waive Relator's rights to indictment in which Relator did in order to recive the two cause's 10085 and 10238W to be tried together at the same time, so Relator could receive concurrent setences otherwise Relator would not of waived Relator's rights to be indicted first before the Court could proceed on both cause's 10085 and 10238W, as the Court lacked jurisdiction for trial of both cause's at that time. Relator would further argue to this Court that Relator is actually innocent of committing these offenses of Theft in cause number 10238W and Unauthorize Use of a Motor Vehicle in cause number 10085.

Relator would show this Court that because of the serious collateral consequences arising from a conviction for felony theft the doctrine of mootness does not prohibit this collateral attack. See Ex Parte Guzman, 551 S.W.2d 387 (Tex. Cr. App.1977); Ex Parte Burt, 499 S.W.2d 109 (Tex Cr. App. 1973); Ex Parte Jentsch,510 S.W.2d 320 (Tex. Cr. App. 1974); Ex Parte Langston, 510 S.W. 2d 603 (Tex. Cr. App. 1974);See also Ex Parte Harp, 561 S.W. 2d 180 (Tex. Cr. App. 1978).

Relator would contend that it is well settled that a habeas corpus Application Applicant meets the statutory "in custody"requirements when,at the time he files the petition he is in custody pursuant to the conviction he attacks or he is in custody pursuant to another conviction that is positively and demonstrably related to the convictions he attacks. See Carter vs. Procunier, 755 F.2d 1126 (5th Cir. 1985); See also Carter vs. Estelle, 677 F. 2d 427 (5th Cir. 1982).

Page 4.

Relator would assert that Relator is confined pursuant to a May 20th 1986, conviction for aggravated assault in cause number 13,472, wherein the 12th Judicial District Court of Walker County, Texas, upon plea of not guilty and jury trial, Relator was found guilty and punishment was assessed by the jury at 99 years imprisonment and ordered to run consecutively with the sentence Relator was assessed upon conviction for credit card abuse of 20 years imprisonment as punishment in cause number 22778. Therefore, Relator's present confinement is set at 119 years imprisonment. Punishment enhanced by proof of the prior convictions in cause number 10085 and cause number 10238W in both convictions in cause numbers 22778 and in cause number 13,472, that Relator is now confined on.

However, in cause number 22778, Relator plead true to the enhancement Count's cause number 10085 and cause number 10238W. Therefore, Relator would show that Counsel at the 1981 trial was ineffective because he failed to investigate the validity of Relator's 1977 convictions that the prosecutor used the 1977 convictions for enhancement counts when he should have known that it was void. See. V.T.C.A.Penal Code 3.03.

A defendant may not by agreement render legal a punishment which is not otherwise authorized by law. Heath vs. State, 817 S.W.2d 335 (Tex. Cr. App. 1991). In circumstances such as Relator's "sentences shall run concurrently" V.T.C.A.Penal Code 3.03. This language creates an absolute restriction of a trial Court's general authority to impose consecutive sentences. See Wilson vs. State, 677 S.W.2d 518 (Tex. Cr. App. 1984). A defect which renders a sentence void may be raised at any time. Ex Parte Mcjver, 586 S.W.2d 851, 854 (Tex. Cr. App. 1979); Ex Parte Shields, 550 S.W.2d 670, 675 (Tex. Cr. App.1977).

Clearly, La Porte vs. State, 840 S.W. 2d 412 (Tex. Cr. App. 1992), Leaves no doubt, on the State of the law in this area of the law.

Page 5.

See also <u>Ex Parte Sims</u>,868 S.W.2d 803 (Tex. Cr. App. 1993), and <u>Ex Parte</u>

<u>McJunkins</u>, 954 S.W.2d 39,39-43 (Tex. Cr. App.1997); See also <u>Cook</u> vs.

<u>Lynaugh</u>, 821 F.2d 1072 (5th Cir. 1987); See also <u>Hill</u> vs. <u>Lockhart</u>, 474

U.S. 52, 106 S.Ct. 366, 369, 88 L. Ed. 2d 203(1985). As Relator clearly

had a plea bargain for concurrent sentences in cause No's. 10085 and

10238W. See attachment hereto of Exhibit "A" o incorporated herein for all

purposes. Clearly Relator is entitled to reversal of the convictions and

sentences.

Relator suggests the proper remedy in cause number's 10085 and 10238W

should be found to be void under <u>La Porte</u> vs. <u>State</u>, 840 S.W.2d 412 (Tex.

Cr. App. 1992); and <u>Ex Parte Sims</u> 868 S.W.2d 803 (Tex. Cr. App. 1993); And

<u>Ex Parte McJunkins</u>,954 S.W.2d 39-43 (Tex. Cr. App. 1997), and remand

back to the trial Court for new trial, relying on these above described

Court decisions and in cause number's 22778 and 13,472 these sentence's

should be reversed for resentence without the void convictions 10085 and

10238W being used for enhancement Counts purposes. As a matter of the law.

See <u>Burgett</u> vs. <u>State of Texas</u>,389 U.S. 109, 112-13, 88 S.Ct. 258, 260-61,

19 L. Ed. 2d 319 (1967); <u>Zales</u> vs. <u>Henderson</u>, 433 F.2d 20 (5th Cir. 1970):

<u>Martinez</u> vs. <u>Estelle</u>,612 F.2d 173 (5th Cir. 1980); <u>Carter</u> vs. <u>Estelle</u>, 677

F.2d 427 (5th Cir. 1982); See also <u>Carter</u> vs. <u>Procunier</u>755 F.2d 1226 (5th.

Cir. 1985); <u>Cook</u> vs. <u>Lynaugh</u>,821 F.2d 1072 (5th. Cir. 1987).

V.

## THRESHOLD QUENTIONS

Several preliminary issues will be raised which must be considered

before the issues are reviewed on there merits; this has the effect of

making this case more complex than the issues of complaints "Unkept Plea

Bargain agreements and void stacking of the sentences in cause number

10085 and 10238W", which changed Relator's punishment from a total of

four (4) years maximum to a eight (8) year maximum, prison sentence. See

Page 6.

Attachment hereto of Exhibit "B" 1 of 3 pages incorporated herein for all purposes. Relator did the whole eight (8) years maximum sentence.

A EXAMINATION OF THE ATTACHMENT Exhibit "B" is a affidavit of Charley Valdez, at page 2 at the bottom of the page is a record of Offender Robert Gordon TDCJ-ID#319173 time earning status's to show promotion and demotion dates: "Which shows Relator was between 11-23-1978 to 06-13-1982 a S4 Trusty Line Class". S4 Status earns 30 days for every 30 days done and earns additionally another 30 days good time. A total of 60 days for time earning status, Time line class which equals all time earn for that period. This chart in this box also shows from 10-05-1982 to 05-22-1983 that Relator was Line class 3, which does not earn any time of good time status, this time period only earns day for day time earning status, which means no good time earn. The chart further shows that Relator was Line 2 status from 05-23-1983 to 07-09-1983, this time earning status earns day for day with only 10 days added for good time status. A line I Status earns every 30 days he receives 20 days good time earning status. The "B" Status earns a extra 10 days for every 30 days that Relator is Line I Status.

Clearly, there is a chart showing that Relator was continually confined between 11-23-1978 to 03-28-07. Which shows Relator discharged the original 1977 convictions and the 1980 conviction up to the date and begain serving the 1984 conviction up to the date Relator is still confined under.

The chart above described clearly shows Relator completed the two four (4) year sentences as stack by Judge Lindsey. Therefore, Relator suffer the punishment of the prejudicial stacking of the two four (4) year sentences and Relator has completed doing the eight (8) years sentence in full.

Therefore, Relator seeks to withdraw Relator's pleas of guilty in

cause number's 10085 and 10238W and be able to plea again, Anew to not guilty in accordance to the prejudicial punishment of the Eight years that Relator had to do, in violation of Relator's original plea bargain agreements of the (2) four (4) year concurrent sentencing. La Porte vs. State, 840 S.W.2d 412 (Tex. Cr. App. 1992); and Ex Parte Sims, 868 S.W. 2d 803 (Tex. Cr. App. 1993); And Ex Parte McJunkins, 954 S.W.2d 39-43 (Tex. Cr. App. 1997).

Relator was cited for abuse of the writ process pursuant to an order of the Court of Criminal Appeals, pn May 25th, 1983. Said Order is attached as Exhibit "C", incorporated herein for all purposes.

Relator states that, as set out in Relator's original Application for habeas corpus, Relator has not been provided with the opportunity to challenge the earlier convictions in number's 10085 and 10238W, on the issues now presented due to the fact that the only issue on Relator's prior Appeal proffered by Counsel Jeffrey A. Kearney was the issue of the Judge's authority to cummulate Relator's sentences. In this Appeal Counsel Jeffrey A. Kearney received a proitable decision by the Court of Criminal Appeals in it's opinion by the Court ordering the cumulation recitals in the sentences in cause number 10238W are ineffective and are therefore ordered deleted therefrom, under the Court's decision in Ex Parte Reynolds, 462 S.W. 2d 605 (Tex. Cr. App. 1970). However, the Court didn't stop there, it went on to state: "Finally, we have reviewed the Appellant's pro se allegations and we find them to be without merit." See Gordon vs. State 575 S.W.2d 529, at 534 (Tex. Cr. App. 1978).

Relator raised in Relator's Prom Se allegations the conviction and sentences were based on "Unkept Plea Bargain Agreements".

Relator would further show the Court that Relator filed two (2) writ's of habeas corpus while Appeal was still pending before the Court of

Page 8.

Criminal Appeals, which Judge Lindsey ordered Relator's two (2) writs of habeas corpus to be forwarded to the Court of Criminal Appeals to be treated as pro se brief's on Appeal, per order of the Judge Lindsey.

Upon review of these Pro Se Brief's on Appeal, because the Court of Criminal Appeals entered into a judgment in Relator's behalf by ordering the cumulation of cause number 10238W as being ineffective and therefore ordered deleted therefrom, and ordering the reformation of the sentences of cause number's 10085 and 10238W to be ran concurrently. See Gordon vs. State, 575 S.W.2d 529, at 534 (Tex. App. 1978).

Relator's pro se brief's were never reached on there merits because the Court of Appeals was ordering the reformation of the stacking order of the Court Judge Lindsey. See Gordon vs. State, 575 S.W. 2d 529, at 534 (Tex. Cr. App. 1978), and this is why the Court found Relator's "Unkept plea bargain agreement claims in the pro se brief's to be without merit, because the Court of Criminal Appeals was reforming the stacking of the sentences".

So, Relator didn't suffer no prejudice, as Relator was having Relator's original plea bargain agreement enforced by the Court of Criminal Appeals ordering the reformation of the sentences of cause number 10085 and 10238W to be ran concurrently. Gordon vs. State, 575 S.W.2d 529, at 534 (Tex. Cr. App. 1978).

However, the State filed a Motion for Rehearing within the Texas Court of Criminal Appeals under its rules, ordered a rehearing, on the State's filed Motion for Rehearing. The Rehearing was granted, and that part of the original opinion declaring the cumulation order invalid and reforming the sentence is set aside and the judgment including the cumulation orders are now affirmed. See Gordon vs. State, 575 S.W.2d 529 at 534-535 (Tex. Cr. App. 1979).

Page 9.

Relator has did the full sentences as stacked and has fully completed the sentences as stacked due to the Court of Criminal Appeals opinion and decision. See Gordon vs. State, 575 S.W.2d 529, at 534-535 (Tex. Cr. App. 1979). So, Relator has suffered the prejudicial harm of the Court of Criminal Appeals opinion and decision on rehearing. See also Exhibit "B", the affidavit of Valdez.

Relator would further point out to the Court that on direct Appeal Counsel Jeffrey A. Kearney completely abandoned Relator on Appeal when he received the proitable decision by the Court of Criminal Appeals in its opinion. However, on State's granted Motion for Rehearing and the Court of Criminal Appeals decision in restacking the sentences. Gordon vs. State, 575 S.W. 2d 529, at 534-535 (Tex. Cr. App. 1979).

Counsel Jeffrey A. Kearney merely sent Relator the Court's decision, with a letter of the opinion and never advised Relator of the rights to file a Motion for discretionary review, thereby, denying Relator of the right to do so and just merely abandoned Relator.

Relator due to the Court's never reaching the "Unkept Plea bargain issue" raised by Relator. Relator filed the first application for writ of habeas corpus in the 3rd Judicial District Court of Tarrant County, Texas.

The assistant district attorney in Fort Worth, Texas, filed a writ response to Relator's first writ of habeas corpus filed and heard as a writ of habeas corpus and attached a copy of Relator's two writs of habeas corpus that were forwarded to the Court of Criminal Appeals to be consider as Pro Se brief's on Appeal, which went without being actually heard on oits merits because the Court's order reforming the sentence pursuant to attorney Jeffrey A. Kearney's brief on Appeal receiving a favorable Court of Criminal Appeals decision. See Gordon vs. State, 575 S.W.2d 529, at 531-534 (Tex. Cr. App. 1978).

The Assistant District Attorney in Fort Worth, Texas, attached a copy

of Relator's Pro Se brief's on Appeal and pointed to the Opinion of the Court of Criminal Appeals wherein the Court stated that Relator's Pro Se brief on Appeal was without merit and argued that the Court should cite Relator for abuse of the writ of habeas corpus because Relator has already addressed Relator's claims on Appeal and the Court of Criminal Appeals has found them to be without merit and Relator is again attempting to have the same claims heard again after they have already been heard and denied and found to be without merit by the Court of Criminal Appeals. The assistant district attorney "played the district Court Judge and the Court of Criminal Appeals", by these arguments and committed fraud on the Court in which the assistant district attorney acted with a intentional ill motive which should not have pass even the most lenient ethical "smell test". He clearly bypassed questions of ethic's in a effort to gain advantage in this litigation. He clearly acted in bad faith and ignored the facts of the true reasons in why Relator's Pro Se brief's on Appeal were found to be without merit by the Court of Criminal Appeals decision and opinion in which the Court of Criminal Appeals was ordering, the cumulation recitals in the sentence in cause number 10238W to be ineffective and therefore ordered it deleted therefrom. As, the next statement by the Court of Criminal Appeals: Finally, we have reviewed the Appellant's Pro Se allegations and we find them to be without merit, but this finding was made because Relator received a favorable decision on Appeal by the unstacking order. See <u>Gordon</u> vs. <u>State</u>, 575 S.W.2d 529, at 531-534 (Tex. Cr. App. 1978).

Furthermore, the Assistant district attorney also gain advantage by his false arguments to the Court of Criminal Appeals by that Court citing Relator for writ abuse in Relator's first writ of habeas corpus that was considered at that time and Reatohas been denied the ability to ever file another writ of habeas corpus since the Assistant district attorney made his fraudulent arguments that got the Court of Criminal Appeals to cite

Page 11.

Relator for writ abuse. See prior writ abuse attached hereto as Exhibit "C" incorporated herein for all purposes.

Subsequently, the State filed a Motion for rehearing within the Texas Court of Criminal Appeals under the Rules, ordered a rehearing on the State's filed Motion for rehearing. The rehearing was granted, and that part of the original opinion declaring the cumulation set aside is now reversed and the judgment including the cumulation order are now affirmed. See Gordon vs. State, 575 S.W.2d 529, at 534-535 (Tex. Cr. App. 1979).

Relator would argue to the Court that the rehearing the Court of Criminal Appeals entered into error by relying on Spencer vs. State, 503 S.W.2d 557 (Tex. Cr. App. 1974), and Ex Parte Crawford, 36 Tex. Cr. App. 180, 36 S.W. 92 (1896); Ex Parte March, 423 S.W. 2d 916 (Tex. Cr. App.1968), And Ex Parte Davis, 542 S.W.2d 117 (Tex. Cr. App. 1976).

Relator contends that the trial Court erred in cumulating the sentences because concurrent sentences are mandated by Tex. Penal Code Ann. 3.03 (Vernon's 1974):

Section 3.03 provides:

When the accused is found guilty or more than one offense, arising out of the same criminal episode prosecuted in a single criminal action, sentences for each offense for which he has been found guilty shall be prononced. Such sentences shall run concurrently.

The Court of Criminal Appeals on rehearing erred in that it relied on outdated cases and law...

Relator would show the Court where a trial Judge's cumulates and does increase punishment after revocation, an additional issue is presented: Whether an increase in punishment after revocation violates due process under North Carolina vs. Pearce, 395 U.S.711, 89 S.Ct. 2072, 23 L.Ed. 2d 656 (1969). Cf. Bovie vs. State, 565 S.W.2d 543 (Tex. Cr. App. 1978); Lechuga vs. State, 532 S.W.2d 581 (Tex. Cr. App. 1975).

Page 12.

The Court of Criminal Appeals additionally stated in La Porte vs. State, 840 S.W.2d 412 (Tex. Cr. App. 1992) that:

> "An improper cumulation order is, in essence, a void sentence, and such error cannot be waived. A defect which renders a sentence void may be raised at any time. Levy vs. State,818 S.W.2d 801 (Tex.Cr.App. 1991).

The La Porte, Court further recognized that it had vacated improper cumulation orders presented for tne first time in Postconviction writs of habeas corpus. La Porte,Supra, footnote 5. See Ex Parte Ashe, 641S.W.2d 243 (Tex. Cr. App. 1982), and Ex Parte Vasquez, 712 S.W.2d754 (Tex. Cr. App. 1986). See also Ex Parte Sims,868 S.W.2d 803 (Tex. Cr. App.1993), Ex Parte McJunkins,954 S.W.2d 39, 39-43 (Tex. Cr. App.1997).

Relator contends that as a matter of the law the trial Court, as well the Court of Criminal Appeals has erred in cumulating the sentences because concurrent sentences are mandated by Tex. Penal Code. Ann. 3.03 (Vernon's 1974), as a matter of law. See La Porte vs. State,840 S.W.2d 412 (Tex. Cr. App. 1992); Ex Parte Sims,868 S.W.2d 803 (Tex. Cr. App. 1993), and Ex Parte McJunkins, 954 S.W. 2d 39, 39-43 (Tex. Cr. App. 1997), in which Relator relies and is entitled to as a matter of law.

Relator's convictions should be voided and Relator returned to the trial Court to face these charges again, as Relator's plea bargain agreements were violated by the Court and Relator has already did the sentences, as cumulated against Relator in cause number's 10085 and 10238W. Relator has suffered the prejudicial harm of the stacking of the sentences. Relator should be able to withdraw the pleas of guilty, as Relator was told he would be allowed to do, if Judge Lindsey didn't except the pleas of guilty. Relator is entitled to relief under Ex Parte Sims, 868 S.W.2d 803, at 804-805 (Tex. Cr. App. 1993); Ex Parte McJunkins,

Page 13.

954 S.W.2d 39,39-43 (Tex. Cr. App. 1997).

Relator attempted to file another application for writ of habeas corpus when Relator came accross the case of La Porte vs. State, 840 S.W. 2d 412 (Tex. Cr. App. 1992), and arguing to the Court that their has been a intervening change in the law which should allow Relator the consideration of another application for writ of habeas corpus. However, the Court again refused to hear, and intertain the claim for relief that Relator should be entitled to by the Court of Criminal Appeals.

The Court should relize that there is no new habeas corpus claim when a Applicant merely asserts that a previous ruling which precluded a merits determination was in error. There has been no final determination on the merits of Relator's first application for writ or for that matter there hasn't been any consideration undertaken by the Court of Criminal Appeals under 11.07 that has ever been undertaken by this Court in none of Relator's prior applications in any convictions in cause number's 10085 and 10238W, and cause number 22778 and cause number 13,472, on there merits and there has never been a written response on there merits, it always has been on procedural grounds, such as no proper oath being given to the application which is a requisite to the application. See Code of Criminal Procedural requisite Article 11.14 (5) or Relator had a direct Appeal pending as another procedural ground in keeping Relator's applications from being heard on there merits in any of the above described causes, as it always has been Relator's pleadings were deficient as a matter of pleading, and denial without a written decision. The only reasonable interpretation of the denials of Relator's Applications by the Texas Court of Criminal Appeals is that the Court invoked proceduaral default and did not decide the case on the merits of the Unkept plea bargain agreements, as pointed out by Relator.

## ARTICLE I, SECTION 12 HABEAS CORPUS

The writ of habeas corpus is a writ of right, and shall never be suspended. The Legislature shall enact laws to render the remedy speedy and effectual. See Code Criminal Procedure Article 1.08 and Article 11.07, Section 4.

Relator would assert to the Court of Criminal Appeals that in Ex Parte Torres,943 S.W.2d 469, at 475-476 (Tex. CR. App. 1997); "Because the direct Appeal record contained insufficient evidence to evaluate the ineffective assistant of Counsel issue, we hold that the rejection of his claim on direct appeal does not bar relitigation of his claim on habeas corpus to the extent that Applicant seeks to gather and introduce additional evidence not contained in the direct Appeal record".

Relator has a similar claim of review on Appeal. Relator raised on Appeal that the "pleas of guilty were based on Unkept Plea bargain agreements". No evidentiary hearing was ever entertained by the Court to allow Relator to develope the facts of the record on Appeal. Relator would point the Court to review Relator's Exhibit "A" a letter written to Relator by Counsel Art Brender who represented Relator at the plea bargain undertaken by Judge Lindsey.

Clearly, a review of exhibit "A" establishes by examination of this letter that Realator had plea bargain agreements at the time Relator entered a plea of guilty which Relator was told by Judge Lindsey that he would except the plea bargain agreements prior to exceptance of the plea by Judge Lindsey.

This letter by Art Brender to Relator shows that upon Judge Lindsey adding a cumulation order to cause number 10238W and stacking the sentence on top of cause number 10085, Relator immediately complained to Art Brender of the unkept plea bargain agreements as the letter was written to Relator by Art Brender in response to Relator's letter to Art Brender dated

Page 15.

February 23 1978, that he responded to on March 2,1978, in his response he makes it clear "the plea bargains in Judge Lindsey's Court were, at that time, even though not required by law, placed in the record, and the matters to which you inquire should be a matter of record".See Exhibit "A" incorporated herein for all purposes.

Relator would contend Judge Lindsey excepted the plea bargain agreements at that time and assessed two probations of four (4) years that were running concurrently.

As, it is well established that where a trial judge does not order that two sentences in two different cases shall be cumulative, the terms of imprisonment automatically run concerrently. Ex Parte Reynolds,462 S.W.2d 605 (Tex. Cr. App. 1970); See also Gordon vs State,575 S.W.2d 529,at 532 (Tex. Cr. App. 1978).

Thus, Relator argues that since the judgments placeing Relator on probation did not indicate that the sentences were to be cumulated, the attempted cumulation after revocation is ineffective, as Judge Lindsey excepted the pleas of guilty for two concurrent sentences, which were suspended and Relator was placed on probation for four (4) years.

Relator would point this Court to examine Exhibit "D" attached hereto incorporated herein for all purposes. This Exhibit "D" which instrument is entitled "conditions of Probation, in cause number's 10085 and 10238W, shows on May 12th, 1977, Relator was placed on probation for a period of Four (4) years, for the offenses Theft of property over 200 & under $10,000 cause number (10238W) and Unauthorized Use of a Motor Vehicle Cause number (10085) by the Honorable Judge Charles W. Lindsey. Relator was only required to report to the probation Officer of Tarrant County, Texas on the 6th day of June, 1977, and on the 6th day each month thereafter, during probation. Relator was only assessed one court cost and one probation fee by Judge

Page 16.

Lindsey and this instrument was written by Judge Lindsey and signed by and signed by Judge Lindsey, himself.

Clearly, Judge Lindsey excepted the Plea bargain agreements.

However, Relator's punishment, upon revocation of probation, was in fact increased to eight (8) years. As such, the trial Judge's actions in entering a cumulation order violated the plea bargain agreements and additionally presented issues in: "Whether an increase in punishment after revocation of punishment violates due process under North Carolina vs. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L. Ed. 2d 656 (1969). CF. Bovie, vs. State, 565 S.W. 2d 543 (Tex. Cr. App. 1978);Lechuga vs. State, 532 S.W. 2d 581 (Tex. Cr. App. 1975).

Judge Lindsey's revocation hearing, he stacked cause number 10238W on top of cause number 10085, thereby rejecting the plea bargain agreements, but he didn't allow Relator to withdraw Relator's pleas of guilty.

Relator will show this Court that Judge Lindsey didn't even have the right to proceed on cause number 10238W at the time in this cause number 10238W until it was consolidated by Relator waiving Relator's rights to be first indicted by the grand-jury, pursuant to the plea bargain agreements of concurrent sentences of probations of four (4) years.Relator wouldn't have waived indictment by the grand-jury unless the two cases were consolidated, cause number"s 10085 and 10238W to be tried together, at the same time, so Relator could receive concurrent sentences.

The pleas were involuntary because they were based on an assurance from Judge Lindsey that he eould only assess punishment of two (2) Four (4) year sentences that he would run concurrently together probated.

On Appeal even though Relator filed a Pro Se brief on Appeal it was never considered on its merits because the Court of Appeals found in

in accordance with Relator's attorney's brief he obtain a favorable decision in which the cumulation and stacking of Relator's sentence in cause number 10238W was found to be ineffective and ordered to be deleted therefrom. Thereby reforming the sentences to run concurrently. Gordon vs. State, 575 S.W.2d 529, at 534 (Tex. Cr. App. 1978).

Relator's brief was found to be without merit because in the above Court's opinion the Court deleted and reformed the sentences.So, at that time Relator was receiving the sentences concurrently, so Relator wasn't going to suffer no prejudicial harm. So Relator's brief went without the unkept plea bargain claim by Relator ever being considered.

However, it must be remember that the State was granted a Motion for Rehearing and the Court of Criminal Appeals in it's original opinion declaring the cumulation order invalid and reforming the sentence is set aside and the judgments including the cumulation orders are now affirmed. Gordon vs. State, 575 S.W.2d 529, at 534-535 (Tex. Cr. App.1979).

Counsel Jeffrey A. Kearney abandoned Relator on Appeal and did not advise Relator of the right to discretionary review by the Court of Criminal Appeals.

Relator was left with just filing the first habeas corpus Application arguing unkept plea bargain agreements.

It must be remembered the State district attorney mislead the Court in his response to the writ, by asking this Court to cite Relator for writ abuse and arguing to the Court of Criminal Appeals that Relator's claims had already been heard on Appeal and that Coprt found the claims to be without merit and asking the Court to cite relator for writ abuse, which the Court did, and left Relator without Relator's claims of a unkept plea bargain agreements ever being address on there merits.

Relator would point out in Ex Parte Torres,943 S.W.2d 469 (Tex. Cr.

Page 18.

App.1997), and <u>Ex Parte Thomas</u>,953 S.W. 2d 286 (Tex. Cr. App. 1997),the Court has made clear that no final disposition unrelated to the merits and that never addressed the merits of the grounds raised in Relator's previous Pro Se brief on Appeal or Relator's first application for writ of habeas corpus which ended in Relator being cited for writ abuse and the Court's never hearing none of Relator's writs, which there was no final disposition of Relator's initial writ application and in relation with Tex. Code. Crim. Proc. 11.07 Section 4 does not bar this Court from addressing the merits of this instant application for mandamus, habeas corpus to take whatever action it deems appropriate to address the claims raised by this Relator in accordance to the Tex. Code. Crim. Proc. Art. 11.07 3(C).

These above cited cases entitled Relator to **ONE BITE AT THE APPLE**, THEY clearly contemplated that bite would be a full one. Relator hasn't had no bite at any previously filed Pro Se Brief's on Appeal or any 11.07 postconviction application for writ of habeas corpus, because the Court's denied relief on procedural defaulted grounds.Relator has had no bite at the apple. See also <u>Ex Parte Rawhinson</u>, 958 S.W.2d 198 (Tex. Cr. App.1997).

In Relator's initial application for writ of habeas corpus all claims were not addressed on their merits. Relator meets the exceptions to dismissal.

Relator would also point out to this Court of Criminal Appeals,that the instant application should not be barred as a "subsequent application under the Texas Code Criminal Procedure, Article 11.07, Section 4, because Relator did not become aware of the facts giving rise to the instant application until several years later after theinitial applications.

This Court initially addresses whether the instant application is barred as a "Subsequent application", under Section 4, or whether it falls within an exception to such bar Section 4 provides, in relevant part.

Page 19.

(a) If a subsequent application for writ of an initial application, challenging the same conviction, a Court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that: (1) the current claim and issues have not and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application.

(C) for purposes of subsection (a)(1), a factual basis of a calim is unavailable on or before a date described by subsection (a)(1)if the factual basis was not ascertainable through the exercise of reasonable diligence on or before that date. Tex. Code. Criminal Procedure Article 11.07, 4.

Relator asserts that the Court's of Appeals relied upon Caughorn vs. State, 549 S.W. 2d 196 (Tex. Cr. App. 1977), which held that the State's failure to file notice of consolidation in compliance with section 3.02(b), meant the action did not constitute a single criminal action under section 3.02. Therefore the prohibition against cumulation provided in Section 3.03 did not apply. See also Garza vs. State, 687 S.W.2d 325 (Tex. Cr. App.1985); Smith vs. State, 575 S.W.2d 41 (Tex. Cr. App. 1979).

However, Relator would call the Court's attention to the case of La Porte vs. State, 840 S.W. 2d 412, at 413-414 (Tex. Cr. App. 1992), wherein the Court of Criminal Appeals found that this conclusion was clearly erroneous, and overrule Coughorn. See La Porte vs. State, 840 S.W.2d 412, 413-415 (Tex. Cr. App.1992).

Relator contends theres been a intervening change in the law.See La Porte vs. State, 840 S.W.2d 412,413-415 (Tex. Cr. App. 1992).

A sentence not authorized by law is void. Heath vs. State,817 S.W.

2d 335 (Tex. Cr. App. 1991); See also <u>Wilson</u> vs. <u>State</u>,677 S.W.2d 518 (Tex. Cr. App. 1994). A defect which renders a sentence void may be raised at any time. <u>Ex Parte McIver</u>,586 S.W.2d 851,854 (Tex. Cr. App. 1979); <u>Ex Parte Shields</u>, 550 S.W.2d 670, 675 (Tex. Cr. App. 1977).

Relator has always complained to this Court that Relator had a Plea bargain agreement for two (2) four (4) year sentences that would run concurrently, and in which would be suspended and probated. Relator raised the claim of the unkept plea bargain by Pro Se Brief on direct Appeal. Which was never considered on Appeal due to the Court of Criminal Appeals setting asside the cumulation order and deleting it as ineffective. However, on rehearing by the State it was restacked and Relator has did the whole sentences as stacked and Relator has suffered the full prejudicial harm by this cumulation order on rehearing. See <u>Gordon</u> vs. <u>State</u>, 575 S.W.2d 529, at 534-535 (Tex. Cr. App. 1979). **Relator** therefore concludes that the correct thing for this Court to rule is that Relator is entitled to relief pursuant to the cases of <u>La Porte</u> vs. <u>State</u>, 840 S.W.2d 412 (Tex. Cr.App. 1992), and <u>Ex Parte Sims</u>,868 S.W.2d 803 (Tex. Cr. App. 1993), and <u>Ex Parte McJunkins</u>, 954 S.W.2d 39, 39-43 (Tex. Cr. App. 1997).

Relator contends that he should be heard on these matters and Relator's convictions in cause number 10085 and 10238W should be found in error and grant Relator reversal of these convictions and set them for retrial.

Relator would also contend that this Court of Criminal Appeals should also set asside Relator's sentence in cause number 22778 as a void conviction may not be used to enhance an individual's sentence under the Texas Statute. <u>Burgett</u> vs. <u>State of Texas</u>, 389 U.S.109, 112-13, 88 S.Ct. 258, 260-61,19 L.Ed. 2d 319 (1967). See also <u>Martinez</u> vs. <u>Estelle</u>,612 F.2d 173, 175 (5th Cir 1980), as Relator also claims that Relator's Counsel Larry M. Thompson at the 1980 trial was ineffective because he failed to investigate the validity of Relator's 1977 convictions, and that he wrongly advised

Relator to plea true to the enhancement counts of cause number 10085 and 10238W without explaining to Relator what the plea of true intended and it's consequence and failed to investigate the void convictions and he allowed Relator to be enhanced by the prosecutor whom used the 1977 convictions for enhancement when he should have known that they were void convictions. See Cook vs. Lynaugh,821 F.2d 1072 (5th Cir. 1987); See also La Porte vs. State, 840 S.W.2d 412 (Tex. Cr. App. 1992).

And lastly, Relator's sentence in cause number 13,472, should also be reversed for resentence, as Relator was wrongly enhanced by cause number's 10085 and 10238W as they are void convictions pursuant to La Porte vs. State,840 S.W. 2d 412 (Tex. Cr. App. 1992), and Ex Parte Sims,868 S.W. 2d 803 (Tex. Cr. App. 1993), and Ex Parte McJunkins,954 S.W. 2d 39,39-43 (Tex. Cr. App.1997); See also Martinez vs. Estelle,612 F.2d 173,175 (5th Cir. 1980); See also Spencer vs. Texas,385 U.S.554, 87 S.Ct. 648,17 L.Ed. 2d 606 (1967).

In Ex Patte Stuart, 653 S.W. 2d 13, the defendant challenged conviction, and the prior convictions uded to enhance it, through numberous applications for writ of habeas corpus Id. At one point,we cited Stuart for abuse of the writ process Id. Seven years after his conviction, Stuart, again sought habeas relief challenging the use of the prior conviction to enhance his sentences. Id. at 14. We found that Stuart's claims had merit in light of changes in the law following our affirmance of his conviction. Id. We then held that under Cooper vs. State, 631 S.W.2d 508 (Tex. Cr. App. 1982), and Ex Parte Augusta, 639 S.W. 2d 481 (Tex. Cr. App. 1982), Stuart was entitled to relief retroactively.Id. 653 S.W. 2d at 14-15.

Thus it is readily apperent in light of Schuessler and Stuart, that previous litigation of the issue does not necessarily bar it's reconsideration

on habeas corpus. See Ex Parte Drake, 883 S.W.2d 213 (Tex. Cr.App.1994).
See also Ex Parte Lemke, 13 S.W.3d 791 (Tex. Cr. App. 2000).

Relator has wailed like a stuck pig for years while this Court has denied Relator an opportunity to be heard by this Court on Relator's convictions in cause number 10085 and cause number 10238W, as being a unkept plea bargain.

The Court's have performed such serious surgery on the great writ, as it applies to postconviction habeas corpus proceedings.

This Court should not forget what the Supreme Court of the United States previously pointed out in construing the habeas corpus statutes.

"While the rhetoric . celebrating habeas corpus has changed little over the centuries. (footnote deleted), it is neverthe less true that the functions of the writ have undergone drastic change...

"(H)abeas Corpus is not a static, narrow, formalistic remedy", Jones vs. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L. Ed. 2d 285 (1963), but one which must retain the ability to cut through barriers of form and procedural mazes" (Citations Omitted). The very nature of the writ demands that it be administered essential to insure that miscarriages of justice within it's reach are surfaced and corrected. (Citation deleted). Thus we have consistently rejected interpretations of the habeas corpus statutes that would suffocate the writ in stifling formalisms or hobble its effectiveness with the manacles of arcane and scholastic procedural requirement". Hensley vs. Municipal Court, 411 U.S. 345, 93 S.Ct. 1571, 36 L. Ed 2d 294 (1973).

Our habeas corpus law(s) has always been available to obtain release of any one who is unlawfully restrained of his liberty. See also Ex Parte Lemke, 13 S.W. 3d 791 (Tex. Cr. App.2000).

Clearly the failure to hear the merits of Relator's Unkept Plea bargain agreements would work a "Manifest injustice", as there is

controlling authority in the interim that have made a contrary decision of law applicable to the disputed issues. Falcon vs. General Telephone Co,815 F.2d 317, 320 (5th Cir. 1987); See also La Porte vs. State,840 S.W.2d 412 (Tex. Cr. App.1992), and Ex Parte Sims, 868 S.W.2d 803 (Tex. Cr. App. 1993), and Ex Parte McJunkins,954 S.W.2d 39, 39-43 (Tex. Cr. App. 1997); See also Ex Parte Lemke, 13 S.W.3d 791 (Tex. Cr. App. 2000). Plain error was committed which, if not noticed, would result in a manifest miscarriage of justice Coughlin vs. Capito Cement Co,571 F.2d 290, 297 (5th Cir. 1978); See also Klapprutt vs. United States,335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949).

As there are no time restrictions on a lawsuit of this kind, Relator may apply for the writ any time Relator feels the burden of multiple convictions are more than Relator can bear.

Relator requests that this Court grant the Mandamus, and application for writ of habeas corpus; order Respondent to show cause why Relator should not be set at liberty; give a plenary hearing to determine the facts; and order production by the State of such documentation as may be necessary for the proper determination of this cause. Relator further prays that after determining the facts herein, the Court order Relator freed from further restraints upon his liberty, order cause number 10085 and cause number 10238W reversed for a new trial in each case and order Relator's sentences in cause number's 22778 and 13,472 reversed for new sentencing hearing in cause number 22778 and cause number 13,472 and order Relator completely discharged from illegal custody of all Court's and cause numbers and end Relator's illegal confinement from any further custody or confinement.

Respectfully Submitted,

Robert Gordon TDCJ-ID#319173
Wynne Unit
810 FM 2821
Huntsville, Texas 77349

Page 24.

I, Robert Gordon TDCJ-ID#319173, being presently incarcerated at the Wynne Unit of the Texas Department of Criminal Justice--Institutional Division, in Walker County, Texas, declare under penalty of perjury that the foregoing is true and correct. Executed on this _25th_ day of _____ _April_ _____ 2015.

Robert Gordon TDCJ-ID#319173

Wynne Unit

810 FM 2821

Huntsville, Texas 77349

**ART BRENDER**

*Attorney at Law*
*1417 Eighth Avenue*
*Fort Worth, Texas 76104*

*Phone (817) 921-3731*

March 2, 1978

Mr. Robert Gordon
300 West Belknap
Fort Worth, TX  76102

Dear Mr. Gordon:

In response to your letter of February 23, I would ask
that you have your Attorney, Jeff Kearney, contact me
concerning the matter.  The plea bargains in Judge
Lindsey's Court were, at that time, even though not
required by law, placed in the record, and the matters
to which you inquire should be a matter of record.

Very truly yours,

ART BRENDER

AB:ml

Exhibit A.

MOVANT EX 10

## AFFIDAVIT OF CHARLEY VALDEZ

**STATE OF TEXAS**

**COUNTY OF WALKER**

BEFORE ME, the undersigned, a Notary Public in and for the State of Texas, on this day personally appeared Charley Valdez, who, after being duly sworn, deposes as follows:

"My name is Charley Valdez. I am over twenty-one years of age, of sound mind; capable of making this affidavit; and personally acquainted with the facts herein stated.

I am employed as Program Specialist III for the Classification and Records Division ("CRD") of the Texas Department of Criminal Justice-Corrections Institutions Division, and my office is located in Huntsville, Texas. I have reviewed time records kept by the CRD regarding offender **Robert Gordon, TDCJ # 319173**. CRD maintains these records in the regular course of business of every offender confined; and it was the regular course of business for an employee or representative to TDCJ-CID with knowledge of the act, event, condition, opinion or diagnoses, recorded to make the record or to transmit information thereof to be reasonably soon thereafter. Based on my review of these records, the following table contains the current sentence information for Gordon.

| Offenses | County | Cause Number | Sentence | Sentence Date | Sentence Begin Date | Projected Mandatory Release Date | Maximum Expiration Date |
|---|---|---|---|---|---|---|---|
| Credit Card Abuse | Tarrant | 22778 | 20-years | 4-6-1981 | 6-26-1980 | 9-25-2037 | 11-22-2097 |
| Aggravated Assault W/DW | Walker | 13,472 | 99-years consecutive to cause#22778 | 5-20-1986 | Consecutive | 9-25-2037 | 11-22-2097 |

Offender Gordon was received into TDCJ custody on 5-11-1981 from Tarrant County on a 20-year sentence. Offender Gordon is charged with Credit Card Abuse by the Number Four District Court under cause number 22778. Offender Gordon is charged for an offense occurring on 6-23-1980, with sentencing on 4-6-1981, and to begin on 6-26-1980.

While in TDCJ confined at the TDCJ-Ellis Unit in Walker County, offender committed the offense of Aggravated Assault with A Deadly Weapon. Offender was sentenced to an additional 99-year sentence by the 12th Judicial District Court under cause number 13,472. Offender Gordon is charged for an offense occurring on 10-16-1984, with sentencing on 5-20-1986, and with jail credit allowed from 10-16-1984. This changed the net sentence from 20-years, to 119-years. The offender under cause number 13,472 is eligible for mandatory supervision, but is flat calculated for parole eligibility. Offender has a current parole review date of 11/2009.

On 10-16-2001 pre-sentence jail credits of 581-days was applied on cause number 13,472. The cumulative sentence begin date was changed from 6-26-1980 to 11-23-1978 due to the 581-days of cumulative jail credits pursuant to *Ex parte Bynum*, 772 S.W. 2d 113 (Tex. Crim. App. 1989).

Prior to 1987, sentences were aggregated according to statute. Article 6181-1, V.T.C.S., Sec.1(4) Defining "term" provided: "When two or more sentences are to be served consecutively and not concurrently, the aggregate of the sentences shall be considered the term for purposes of this Article." The statutory demarcation for purposes of consecutive computation was discussed by the Court of Criminal Appeals in *Ex parte Hannington*, 832 S.W. 2d 355 (Tex.Crim. App. 1992).

This is a record of offender's time earning status's to show promotion and demotion dates:
NOTE: **Effective April 1, 1995, the practice of backdating was discontinued per Board of Correction Policy:**

```
11 23 1978 TO 06 13 1982 RATE: S4    | 06 14 1982 TO 10 04 1982 RATE: L2
10 05 1982 TO 05 22 1983 RATE: L3    | 05 23 1983 TO 07 09 1983 RATE: L2
07 10 1983 TO 10 25 1983 RATE: S4    | 10 26 1983 TO 05 10 1984 RATE: L2
05 11 1984 TO 05 31 1987 RATE: L3    | 06 01 1987 TO 09 29 1987 RATE: L3 B
09 30 1987 TO 12 21 1987 RATE: L2 B  | 12 22 1987 TO 03 22 1988 RATE: S4 B
03 23 1988 TO 12 15 1988 RATE: L2 B  | 12 16 1988 TO 07 24 1989 RATE: L3 B
07 25 1989 TO 10 24 1989 RATE: L2 B  | 10 25 1989 TO 05 10 1990 RATE: S4 B
05 11 1990 TO 08 06 1990 RATE: L2 B  | 08 07 1990 TO 01 21 1991 RATE: L3 B
01 22 1991 TO 04 22 1991 RATE: L2 B  | 04 23 1991 TO 08 16 1991 RATE: L1 B
08 17 1991 TO 09 30 2001 RATE: L3 B  | 10 01 2001 TO 10 09 2001 RATE: L2 B
10 10 2001 TO 06 03 2004 RATE: L3 B  | 06 04 2004 TO 02 10 2005 RATE: L2 B
02 11 2005 TO 09 28 2006 RATE: L3 B  | 09 29 2006 TO 03 28 2007 RATE: L1 B
03 29 2007 TO _____ RATE: S4 B     | _____ TO _____ RATE: ___
```

Offender Gordon completed his GED on 6-1-1987 and was awarded 60-days of good time credit on 9-18-1987. Offender has a total of 30-years, 1-month, and 23-days of flat time served, 12-years, 2-months, and 4-days of good time, and 1-month, and 30-days of bonus time credits.

Offenders in administrative segregation shall be awarded only the amount of good conduct time credit based on their time-earning status, for as long as they remain assigned to administrative segregation status. These offenders shall not be awarded the "diligent participation" good conduct time credit.

Pursuant to TEX. GOV'T. CODE § 501.0081, this office received a time dispute resolution forms from offender on 7-12-2001, and responded to the offender on 10-16-2001. This office responded to the offender that there was no error in his current time calculations. The offender was further advised that if he was dissatisfied with this response that he should contact State Counsel for Offenders for further assistance.

**CHARLEY VALDEZ**
**Program Specialist III**
**Classification and Records**
**Texas Department of Criminal Justice**
**Corrections Institutions Division**

**SUBSCRIBED AND SWORN TO** before me, the said Notary Public on this the 15th day of January, 2009, to certify which witness my hand and seal of office.

Notary Public In and For
The State of Texas

GENEVIEVE Z. ROSE
Notary Public, State of Texas
My Commission Expires
NOVEMBER 09, 2010
Notary without Bond

2

Exhibit C 1 of 2 Pages.

EX PARTE ROBERT GORDON
WRIT NO. 10,271

- - - Habeas Corpus Application
From TARRANT County

O R D E R

This is an application for a writ of habeas corpus which was submitted to this Court by the trial court pursuant to the provisions of Art. 11.07, V.A.C.C.P. Ex parte Young, 418 S.W.2d 824 (Tex.Cr.App. 1967).

In 1977, the applicant was convicted of the offenses of unauthorized use of a motor vehicle and theft in Tarrant County cause numbers 10085 and 10238W. Punishment was assessed at imprisonment for four years in each case. These convictions were affirmed on direct appeal. Gordon v. State, 575 S.W.2d 529 (Tex.Cr.App. 1978). In 1981, the applicant was convicted of the offense of credit card abuse in Tarrant County cause number 22778. Punishment, enhanced by proof of the prior conviction for unauthorized of a motor vehicle, was assessed at imprisonment for 20 years. This conviction was affirmed on direct appeal. Gordon v. State, 638 S.W.2d 654 (Tex.App.--Ft. Worth, 1983).

In his present application, the applicant contends that there was a bona fide doubt as to his competence to stand trial in 1977, as well as to his sanity at the time of those offenses. This application, however, presents a more serious question. This Court's records reflect that, in addition to his direct appeals, the applicant has filed five previous applications challenging one or more of these convictions.

It is obvious from the record that the applicant is continuing to raise issues which have been presented and rejected or should have been presented on direct appeal and in his prior writs. The writ of habeas corpus is too serious and important a matter to be lightly and easily abused. See Ex parte Carr, 511 S.W.2d 523 (Tex.Cr.App. 1977); Sanders v. United States, 373 U.S. 1 (1963). See also Smith v. Estelle, 562 F.2d 1006 (5th Cir. 1977); McDonald v. Estelle, 590 F.2d 153 (5th Cir. 1979); Potts v. Zant, 638 F.2d 727 (5th Cir. 1981); Hansen v. Estelle, 641 F.2d 250 (5th Cir. 1981) (delayed applications).

Exhibit C 1 of 2 Pages.

Exhibit C 2 of 2 Pages

EX PARTE GORDON    [Page -2-]

We hold that the applicant's contention is not only without merit, but has been waived and abaondoned by his abuse of the writ of habeas corpus.

Therefore, the Honorable Thomas Lowe, Clerk of the Court of Criminal Appeals, is not to accept or file the instant application for a writ of habeas corpus. He is also instructed not to accept in the future any applications for writ of habeas corpus attacking these convictions unless the applicant has first shown that any contentions presented have not been raised previously and a showing is made that they could not have been presented in any earlier application for habeas corpus relief.[1/]    Ex parte Dora, 548 S.W.2d 392 (Tex.Cr.App. 1977); Ex parte Bilton, 602 S.W.2d 534 (Tex.Cr. App. 1980).

IT IS SO ORDERED this the 25th day of May, 1983.

PER CURIAM

En banc

---

[1/] In Ex parte Dora, supra, this Court explained the duty of the trial court after the entry of an abuse order as follows:

> "Where a petitioner has been previously cited for an 'abuse of the Great Writ,' the trial court should not thereafter consider the merits of any application for writ of habeas corpus filed by that petitioner. The trial court should, however, review the application and make findings that this petitioner has abused the writ in the past, thus making the review procedure of this Court more efficient. The transcript should be forwarded to this Court, just as in all other cases, pursuant to our automatic review jurisdiction. See Art. 11.07, Sec. 2(a), supra. The writ transcript should, of course, be forwarded to this Court within fifteen days of the trial court's order. See Art. 11.07, Sec. 2(c), supra,"

A True Copy
Attest:
Thomas Lowe, Clerk
Court of Criminal Appeals of Texas

By

Exhibit C 2 of 2 Pages.

47

200 W. BELANA. FIRST FLOOR CRIMINAL D.S. E BUILDING
Telephone: 334-1600) Off Hours: 8:00 A. M. to 4:30 P. M. Monday through Friday Exhibit D 1 Pg

## CONDITIONS OF PROBATION:

THE STATE OF TEXAS
VS. NO. *10085, 10238w*          IN CRIMINAL DISTRICT COURT NO. *3*
                                 TARRANT COUNTY, TEXAS

*Robert Gordon*                                    *May 12, 1977*

In accordance with the authority conferred by the Adult Probation and Parole Law of the State of Texas,

have been placed on Probation on this *12th* day of *May* 19 *77*, for a period of
____ years, for the offense of *UNAUTHORIZED USE OF A MOTOR VEHICLE (10085)* *THEFT OF PROPERTY OVER *200 & UNDER *10,000 (10238w)*

he Honorable *Charles W. Lindsey*, Judge, Criminal District Court No. *3*,

ant County, Texas.

It is the ORDER of the Court that you shall comply with the following terms and conditions of Probation:
ommit no offense against the laws of this State or any other State or the United States;
void injurious or vicious habits;
void persons and places of disreputable or harmful character;

eport to the Adult Probation Officer of Tarrant County, Texas, on the *6th* day of *June*

____, 19 *77*, and on the *6th* day of each month thereafter, during
robation;
ermit the Probation Officer to visit you at your home or elsewhere;
ork faithfully at suitable employment as far as possible;
emain within the limits of Tarrant County, Texas, unless given permission by the Tarrant County Adult
robation Officer to leave therefrom;
pport your dependents;
otify the Adult Probation Officer of Tarrant County, Texas, if your address or employment is changed,
ithin five days from the date of change;
y to and through the Adult Probation Officer of Tarrant County, Texas, the following:

. COURT COST in the amount of $ *70.00*, at the rate of $ *10.00* per *month*:
the first payment to be made on the *6th* day of *June*, 19 *77*, and a like payment
on the *6th* day of each month thereafter until full payment is made;
PROBATION FEE in the amount of $ *10.00* on the *6th* day of *June*, 19 *77*,
and on the *6th* day of each month thereafter during Probation;
. RESTITUTION in the amount of $____ at the rate of $____ per____:
the first payment to be made on the____ day of____, 19____, and a like payment
on the____ day of each month thereafter until full payment is made;
. FINE in the amount of $____ at the rate of $____ per____: the first
payment to be made on the____ day of____, 19____, and a like payment on the
____ day of each month thereafter until full payment is made.

ubmit to a period of detention in the County Jail of Tarrant County, Texas, to serve a term of imprison-
ment of____ days, to begin on the____ day of____, 19____.

FILED
CRIMINAL DISTRICT COURT No. 3
TARRANT COUNTY. TEXAS

MAY 12 1977

J. W. BOORMAN
DISTRICT CLERK
By____

You are advised that under the laws of this State, the Court has determined and imposed the above term
conditions of your Probation, and may at any time during the period of Probation alter or modify them
Court also has the authority, at any time during the period of Probation, to Revoke your Probation for any
ation of the conditions of your Probation set out above.
The Court has placed you on Probation, believing that if you sincerely try to obey and live up to the condi-
s of your Probation, your attitude and conduct will improve to the benefit of the public and yourself.

*Charles W. Lindsey*
Judge

This day, a copy of the conditions of Probation was handed to me by the Clerk of this Court.

*Robert Gordon*
Probationer

nes. *Brenda J Buckner*
Probation Officer

ness: *J. W. Gitty Jr.*
Court Clerk

Clerk Abel Acosta
Court of Criminal Appeals of Texas
P.O. Box 12308, Capitol Station,
Austin, Texas 78711

Dear District Clerk:

Enclosed please find the Original of Relator's Writ of Mandamus and two copies thereof to be filed with the Court for ruling on same.

Please notify me of the filing date with the Court and the Court's filing number for such purposes.

Thank you kindly for your attention and cooperation in these regards.

Sincerely your,

Robert Gordon TDCJ-ID#319173
Wynne Unit
810 FM 2821
Huntsville, Texas 77349

CAUSE NO'S _____

ROBERT GORDON,
      APPLICANT-RELATOR
VS.
TEXAS COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS,
WILLIAM STEPHENS, DIRECTOR,
        RESPONDENT'S

IN THE TEXAS COURT OF
CRIMINAL APPEALS
AUSTIN, TEXAS
CAUSE NO'S. 10085 AND
10238W, AND 13,472 AND
22778.

## APPLICATION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGES OF SAID COURT;

NOW COMES Robert Gordon, Relator, pro se in the above-style and numbered cause's of action and files this original Application for writ of Mandamus pursuant to Texas Constitution Article 5, Subsection C. See also Texas Constitution Article 5, Section 3. This authority is also found in Article 4.04 (1) of the Code of Criminal Procedure, and Texas Rule Appellate Procedure Article 52.1, See Matthaei vs. Clark,(Sup.1969) 110 Tex. 114, 216 S.W. 856; EX PARTE BROOKS,((r App 1986) 722 S.W. 2d 140.

See also Dallas Area Rapid Transit vs. Amalgamated Transit Union Local No. 1338 (Sup 2008) 273 S.W. 3d 659, Certiorari denied 129 S.Ct. 2767, 174 L.Ed.2d 284. See also Martin vs. Hamlin,---25 S.W. 3d 718 (Tex. Cr. App. 2000);See also State Ex rel. Healey vs. McMeans,--884 S.W. 2d 772 (Tex. Cr. App. 1994); EX PARTE Rodrigues vs. Court of Criminal Appeals, 980 S.W.2d 475 (Tex. CR.App. 1998).

I.

RELATOR;

Robert Gordon TDCJ-ID#319173 is an offender incarcerated in the Texas Department of Criminal Justice--Institutional Division and is appearing pro se, who can be located at the Wynne Unit, 810 FM 2821, Huntsville, Texas 77349.

II.

RESPONDENT:

Respondent Texas Court of Criminal Appeals, P.O.Box 12308,Capitol Station, Austin, Texas 78711.

Respondent William Stephens Director P.O.Box 99, Huntsville, Texas 77342.

### III.

Relator has exhausted all remedies and has no other adequate remedy at law.

The act sought to be compelled is ministering not discretionary in nature. Braxton vs. Dunn, 803 S.W.2d 318, 320 (Tex. Cr. App. 1991). An act is ministerial "when the law clearly spells out the duty to be performed... with such certainty that nothing is left to the exercise of discretion or judgment". Texas Dept. of Corrections vs. Dalehite, 623 S.W. 2d 20,24 (Tex. Cr. App. 1981).

The Court of Criminal Appeals and each judge thereof shall have, and is hereby given, the power and authority to grant and issue the issuance of writ of habeas, and in criminal matters, the writs of Mandamus, Procedendo, Prohibition, and Certiorari. The Court and each Judge thereof have , and is hereby given, the power and authority to grant and issue and cause the issuance of such other writs as may be necessary to protect its jurisdiction or enforce its judgments. Texas Constitution Article 5, Subsection C.

### IV.
### HISTORY OF THE STATE'S CASE AND IN CUSTODY REQUIREMENT

Relator was convicted in cause number 10085 and 10238W in which Relator pled guilty to the two cause's in exchange for two (2) four (4) year sentences to be ran concurrently, that would be probated.

Judge Lindsey personally participated in the plea bargaining processes. Relator was told by Judge Lindsey that is he decided at any time, that he was going to reject the plea bargain agreements, that Relator would be allowed, and shall be permitted to withdraw Relator's pleas of guilty. However, at the point in which Judge Lindsey heard the revocation of probation hearing he stacked cause number 10238W on top of cause number 10085, thereby rejecting the plea bargain agreements.

Page 3.

These plea bargain agreements were consolidated and tried at the same time as Relator plead guilty to both offenses at the same time in cause number's 10085 and 10238W. To provide evidence of this fact Relator would point this Court to the fact in order for Judge Lindsey to be able to consolidate these cause number's 10085 and cause number 10238W, Relator had to waive Relator's rights to indictment in which Relator did in order to recive the two cause's 10085 and 10238W to be tried together at the same time, so Relator could receive concurrent setences otherwise Relator would not of waived Relator's rights to be indicted first before the Court could proceed on both cause's 10085 and 10238W, as the Court lacked jurisdiction for trial of both cause's at that time. Relator would fuether argue to this Court that Relator is actually innocent of committing these offenses of Theft in cause number 10238W and Unauthorize Use of a Motor Vehicle in cause number 10085.

Relator would show this Court that because of the serious collateral consequences arising from a conviction for felony theft the doctrine of mootness does not prohibit this collateral attack. See Ex Parte Guzman, 551 S.W.2d 387 (Tex. Cr. App.1977); Ex Parte Burt, 499 S.W.2d 109 (Tex Cr. App. 1973); Ex Parte Jentsch,510 S.W.2d 320 (Tex. Cr. App. 1974); Ex Parte Langston, 510 S.W. 2d 603 (Tex. Cr. App. 1974);See also Ex Parte Harp, 561 S.W. 2d 180 (Tex. Cr. App. 1978).

Relator would contend that it is well settled that a habeas corpus Application Applicant meets the statutory "in custody"requirements when,at the time he files the petition he is in custody pursuant to the conviction he attacks or he is in custody pursuant to another conviction that is positively and demonstrably related to the convictions he attacks. See Carter vs. Procunier, 755 F.2d 1126 (5th Cir. 1985); See also Carter vs. Estelle, 677 F. 2d 427 (5th Cir. 1982).

Page 4.

Relator would assert that Relator is confined pursuant to a May 20th 1986, conviction for aggravated assault in cause number 13,472, wherein the 12th Judicial District Court of Walker County, Texas, upon plea of not guilty and jury trial, Relator was found guilty and punishment was assessed by the jury at 99 years imprisonment and ordered to run consecutively with the sentence Relator was assessed upon conviction for credit card abuse of 20 years imprisonment as punishment in cause number 22778. Therefore, Relator's present confinement is set at 119 years imprisonment. Punishment enhanced by proof of the prior convictions in cause number 10085 and cause number 10238W in both convictions in cause numbers 22778 and in cause number 13,472, that Relator is now confined on.

However, in cause number 22778, Relator plead true to the enhancement Count's cause number 10085 and cause number 10238W. Therefore, Relator would show that Counsel at the 1981 trial was ineffective because he failed to investigate the validity of Relator's 1977 convictions that the prosecutor used the 1977 convictions for enhancement counts when he should have known that it was void. See. V.T.C.A.Penal Code 3.03.

A defendant may not by agreement render legal a punishment which is not otherwise authorized by law. Heath vs. State, 817 S.W.2d 335 (Tex. Cr. App. 1991). In circumstances such as Relator's "sentences shall run concurrently" V.T.C.A.Penal Code 3.03. This language creates an absolute restriction of a trial Court's general authority to impose consecutive sentences. See Wilson vs. State,677 S.W.2d 518 (Tex. Cr. App. 1984). A defect which renders a sentence void may be raised at any time. Ex Parte McIver,586 S.W.2d 851, 854 (Tex. Cr. App. 1979); Ex Parte Shields, 550 S.W.2d 670, 675 (Tex. Cr. App.1977).

Clearly, La Porte vs. State,840 S.W. 2d 412 (Tex. Cr. App. 1992), Leaves no doubt, on the State of the law in this area of the law.

Page 5.

See also Ex Parte Sims,868 S.W.2d 803 (Tex. Cr. App. 1993), and Ex Parte McJunkins, 954 S.W.2d 39,39-43 (Tex. Cr. App.1997); See also Cook vs. Lynaugh, 821 F.2d 1072 (5th Cir. 1987); See also Hill vs. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 369, 88 L. Ed. 2d 203(1985). As Relator clearly had a plea bargain for concurrent sentences in cause No's. 10085 and 10238W. See attachment hereto of Exhibit "A" incorporated herein for all purposes. Clearly Relator is entitled to reversal of the convictions and sentences.

Relator suggests the proper remedy in cause number's 10085 and 10238W should be found to be void under La Porte vs. State, 840 S.W.2d 412 (Tex. Cr. App. 1992); and Ex Parte Sims 868 S.W.2d 803 (Tex. Cr. App. 1993); And Ex Parte McJunkins,954 S.W.2d 39-43 (Tex. Cr. App. 1997), and remand back to the trial Court for new trial, relying on these above described Court decisions and in cause number's 22778 and 13,472 these sentence's should be reversed for resentence without the void convictions 10085 and 10238W being used for enhancement Counts purposes. As a matter of the law. See Burgett vs. State of Texas,389 U.S. 109, 112-13, 88 S.Ct. 258, 260-61, 19 L. Ed. 2d 319 (1967); Zales vs. Henderson, 433 F.2d 20 (5th Cir. 1970): Martinez vs. Estelle,612 F.2d 173 (5th Cir. 1980); Carter vs. Estelle, 677 F.2d 427 (5th Cir. 1982); See also Carter vs. Procunier755 F.2d 1226 (5th. Cir. 1985); Cook vs. Lynaugh,821 F.2d 1072 (5th. Cir. 1987).

V.

## THRESHOLD QUENTIONS

Several preliminary issues will be raised which must be considered before the issues are reviewed on there merits; this has the effect of making this case more complex than the issues of complaints "Unkept Plea Bargain agreements and void stacking of the sentences in cause number 10085 and 10238W", which changed Relator's punishment from a total of four (4) years maximum to a eight (8) year maximum, prison sentence. See

Page 6.

Attachment hereto of Exhibit "B" 1 of 3 pages incorporated herein for all purposes. Relator did the whole eight (8) years maximum sentence.

A EXAMINATION OF THE ATTACHMENT Exhibit "B" is a affidavit of Charley Valdez, at page 2 at the bottom of the page is a record of Offender Robert Gordon TDCJ-ID#319173 time earning status's to show promotion and demotion dates: "Which shows Relator was between 11-23-1978 to 06-13-1982 a S4 Trusty Line Class." S4 Status earns 30 days for every 30 days done and earns additionally another 30 days good time. A total of 60 days for time earning status, Time line class which equals all time earn for that period. This chart in this box also shows from 10-05-1982 to 05-22-1983 that Relator was Line class 3, which does not earn any time of good time status, this time period only earns day for day time earning status, which means no good time earn. The chart further shows that Relator was Line 2 status from 05-23-1983 to 07-09-1983, this time earning status earns day for day with only 10 days added for good time status. A line I Status earns every 30 days he receives 20 days good time earning status. The "B" Status earns a extra 10 days for every 30 days that Relator is Line I Status.

Clearly, there is a chart showing that Relator was continually confined between 11-23-1978 to 03-28-07. Which shows Relator discharged the original 1977 convictions and the 1980 conviction up to the date and begain serving the 1984 conviction up to the date Relator is still confined under.

The chart above described clearly shows Relator completed the two four (4) year sentences as stack by Judge Lindsey. Therefore, Relator suffer the punishment of the prejudicial stacking of the two four (4) year sentences and Relator has completed doing the eight (8) years sentence in full.

Therefore, Relator seeks to withdraw Relator's pleas of guilty in

cause number's 10085 and 10238W and be able to plea again, Anew to not guilty in accordance to the prejudicial punishment of the Eight years that Relator had to do, in violation of Relator's original plea bargain agreements of the (2) four (4) year concurrent sentencing. La Porte vs. State, 840 S.W.2d 412 (Tex. Cr. App. 1992); and Ex Parte Sims, 868 S.W. 2d 803 (Tex. Cr. App. 1993); And Ex Parte McJunkins, 954 S.W.2d 39-43 (Tex. Cr. App. 1997).

Relator was cited for abuse of the writ process pursuant to an order of the Court of Criminal Appeals, May 25th, 1983. Said Order is attached as Exhibit "C", incorporated herein for all purposes.

Relator states that, as set out in Relator's original Application for habeas corpus, Relator has not been provided with the opportunity to challenge the earlier convictions in number's 10085 and 10238W, on the issues now presented due to the fact that the only issue on Relator's prior Appeal proffered by Counsel Jeffrey A. Kearney was the issue of the Judge's authority to cummulate Relator's sentences. In this Appeal Counsel Jeffrey A. Kearney received a proitable decision by the Court of Criminal Appeals in it's opinion by the Court ordering the cumulation recitals in the sentences in cause number 10238W are ineffective and are therefore ordered deleted therefrom, under the Court's decision in Ex Parte Reynolds, 462 S.W. 2d 605 (Tex. Cr. App. 1970). However, the Court didn't stop there, it went on to state: "Finally, we have reviewed the Appellant's pro se allegations and we find them to be without merit." See Gordon vs. State 575 S.W.2d 529, at 534 (Tex. Cr. App. 1978).

Relator raised in Relator's Pro Se allegations the conviction and sentences were based on "Unkept Plea Bargain Agreements".

Relator would further show the Court that Relator filed two (2) writ's of habeas corpus while Appeal was still pending before the Court of

Page 8.

Criminal Appeals, which Judge Lindsey ordered Relator's two (2) writs of habeas corpus to be forwarded to the Court of Criminal Appeals to be treated as pro se brief's on Appeal, per order of the Judge Lindsey.

Upon review of these Pro Se Brief's on Appeal, because the Court of Criminal Appeals entered into a judgment in Relator's behalf by ordering the cumulation of cause number 10238W as being ineffective and therefore ordered deleted therefrom, and ordering the reformation of the sentences of cause number's 10085 and 10238W to be ran concurrently. See Gordon vs. State, 575 S.W.2d 529, at 534 (Tex. App. 1978).

Relator's pro se brief's were never reached on there merits because the Court of Appeals was ordering the reformation of the stacking order of the Court Judge Lindsey. See Gordon vs. State, 575 S.W. 2d 529, at 534 (Tex. Cr. App. 1978), and this is why the Court found Relator's "Unkept plea bargain agreement claims in the pro se brief's to be without merit, because the Court of Criminal Appeals was reforming the stacking of the sentences".

So, Relator didn't suffer no prejudice, as Relator was having Relator's original plea bargain agreement enforced by the Court of Criminal Appeals ordering the reformation of the sentences of cause number 10085 and 10238W to be ran concurrently. Gordon vs. State, 575 S.W.2d 529, at 534 (Tex. Cr. App. 1978).

However, the State filed a Motion for Rehearing within the Texas Court of Criminal Appeals under its rules, ordered a rehearing, on the State's filed Motion for Rehearing. The Rehearing was granted, and that part of the original opinion declaring the cumulation order invalid and reforming the sentence is set aside and the judgment including the cumulation orders are now affirmed. See Gordon vs. State, 575 S.W.2d 529 at 534-535 (Tex. Cr. App. 1979).

Relator has did the full sentences as stacked and has fully completed the sentences as stacked due to the Court of Criminal Appeals opinion and decision. See Gordon vs. State, 575 S.W.2d 529, at 534-535 (Tex. Cr. App. 1979). So, Relator has suffered the prejudicial harm of the Court of Criminal Appeals opinion and decision on rehearing. See also Exhibit "B", the affidavit of Valdez.

Relator would further point out to the Court that on direct Appeal Counsel Jeffrey A. Kearney completely abandoned Relator on Appeal when he received the proitable decision by the Court of Criminal Appeals in its opinion. However, on State's granted Motion for Rehearing and the Court of Criminal Appeals decision in restacking the sentences. Gordon vs. State, 575 S.W. 2d 529, at 534-535 (Tex. Cr. App. 1979).

Counsel Jeffrey A. Kearney merely sent Relator the Court's decision, with a letter of the opinion and never advised Relator of the rights to file a Motion for discretionary review, thereby, denying Relator of the right to do so and just merely abandoned Relator.

Relator due to the Court's never reaching the "Unkept Plea bargain issue" raised by Relator. Relator filed the first application for writ of habeas corpus in the 3rd Judicial District Court of Tarrant County, Texas.

The assistant district attorney in Fort Worth, Texas, filed a writ response to Relator's first writ of habeas corpus filed and heard as a writ of habeas corpus and attached a copy of Relator's two writs of habeas corpus that were forwarded to the Court of Criminal Appeals to be consider as Pro Se brief's on Appeal, which went without being actually heard on its merits because the Court's order reforming the sentence pursuant to attorney Jeffrey A. Kearney's brief on Appeal receiving a favorable Court of Criminal Appeals decision. See Gordon vs. State, 575 S.W.2d 529, at 531-534 (Tex. Cr. App. 1978).

The Assistant District Attorney in Fort Worth, Texas, attached a copy

Page 10.

of Relator's Pro Se brief's on Appeal and pointed to the Opinion of the Court of Criminal Appeals wherein the Court stated that Relator's Pro Se brief on Appeal was without merit and argued that the Court should cite Relator for abuse of the writ of habeas corpus because Relator has already addressed Relator's claims on Appeal and the Court of Criminal Appeals has found them to be without merit and Relator is again attempting to have the same claims heard again after they have already been heard and denied and found to be without merit by the Court of Criminal Appeals. The assistant district attorney "played the district Court Judge and the Court of Criminal Appeals", by these arguments and committed fraud on the Court in which the assistant district attorney acted with a intentional ill motive which should not have pass even the most lenient ethical "smell test". He clearly bypassed questions of ethic's in a effort to gain advantage in this litigation. He clearly acted in bad faith and ignored the facts of the true reasons in why Relator's Pro Se brief's on Appeal were found to be without merit by the Court of Criminal Appeals decision and opinion in which the Court of Criminal Appeals was ordering, the cumulation recitals in the sentence in cause number 10238W to be ineffective and therefore ordered it deleted therefrom. As, the next statement by the Court of Criminal Appeals: Finally, we have reviewed the Appellant's Pro Se allegations and we find them to be without merit, but this finding was made because Relator received a favorable decision on Appeal by the unstacking order. See Gordon vs. State, 575 S.W.2d 529, at 531-534 (Tex. Cr. App. 1978).

Furthermore, the Assistant district attorney also gain advantage by his false arguments to the Court of Criminal Appeals by that Court citing Relator for writ abuse in Relator's first writ of habeas corpus that was considered at that time and has been denied the ability to ever file another writ of habeas corpus since the Assistant district attorney made his fraudulent arguments that got the Court of Criminal Appeals to cite

Relator for writ abuse. See prior writ abuse attached hereto as Exhibit "C" incorporated herein for all purposes.

Subsequently, the State filed a Motion for rehearing within the Texas Court of Criminal Appeals under the Rules, ordered a rehearing on the State's filed Motion for rehearing. The rehearing was granted, and that part of the original opinion declaring the cumulation set aside is now reversed and the judgment including the cumulation order are now affirmed. See Gordon vs. State, 575 S.W.2d 529, at 534-535 (Tex. Cr. App. 1979).

Relator would argue to the Court that the rehearing the Court of Criminal Appeals entered into error by relying on Spencer vs. State, 503 S.W.2d 557 (Tex. Cr. App. 1974), and Ex Parte Crawford, 36 Tex. Cr. App. 180, 36 S.W. 92 (1896); Ex Parte March, 423 S.W. 2d 916 (Tex. Cr. App.1968), And Ex Parte Davis, 542 S.W.2d 117 (Tex. Cr. App. 1976).

Relator contends that the trial Court erred in cumulating the sentences because concurrent sentences are mandated by Tex. Penal Code Ann. 3.03 (Vernon's 1974):

Section 3.03 provides:

> When the accused is found guilty of more than one offense, arising out of the same criminal episode prosecuted in a single criminal action, sentences for each offense for which he has been found guilty shall be prononced. Such sentences shall run concurrently.

The Court of Criminal Appeals on rehearing erred in that it relied on outdated cases and law...

Relator would show the Court where a trial Judge's cumulates and does increase punishment after revocation, an additional issue is presented: Whether an increase in punishment after revocation violates due process under North Carolina vs. Pearce, 395 U.S.711, 89 S.Ct. 2072, 23 L.Ed. 2d 656 (1969). Cf. Bovie vs. State, 565 S.W.2d 543 (Tex. Cr. App. 1978); Lechuga vs. State, 532 S.W.2d 581 (Tex. Cr. App. 1975).

The Court of Criminal Appeals additionally stated in La Porte vs. State, 840 S.W.2d 412 (Tex. Cr. App. 1992) that:

> "An improper cumulation order is, in essence, a void sentence, and such error cannot be waived. A defect which renders a sentence void may be raised at any time. Levy vs. State, 818 S.W.2d 801 (Tex.Cr.App. 1991).

The La Porte, Court further recognized that it had vacated improper cumulation orders presented for the first time in Postconviction writs of habeas corpus. La Porte, Supra, footnote 5. See Ex Parte Ashe, 641S.W.2d 243 (Tex. Cr. App. 1982), and Ex Parte Vasquez, 712 S.W.2d754 (Tex. Cr. App. 1986). See also Ex Parte Sims, 868 S.W.2d 803 (Tex. Cr. App.1993), Ex Parte McJunkins, 954 S.W.2d 39, 39-43 (Tex. Cr. App.1997).

Relator contends that as a matter of the law the trial Court, as well the Court of Criminal Appeals has erred in cumulating the sentences because concurrent sentences are mandated by Tex. Penal Code. Ann. 3.03 (Vernon's 1974), as a matter of law. See La Porte vs. State, 840 S.W.2d 412 (Tex. Cr. App. 1992); Ex Parte Sims, 868 S.W.2d 803 (Tex. Cr. App. 1993), and Ex Parte McJunkins, 954 S.W. 2d 39, 39-43 (Tex. Cr. App. 1997), in which Relator relies and is entitled to as a matter of law.

Relator's convictions should be voided and Relator returned to the trial Court to face these charges again, as Relator's plea bargain agreements were violated by the Court and Relator has already did the sentences, as cumulated against Relator in cause number's 10085 and 10238W. Relator has suffered the prejudicial harm of the stacking of the sentences. Relator should be able to withdraw the pleas of guilty, as Relator was told he would be allowed to do, if Judge Lindsey didn't except the pleas of guilty. Relator is entitled to relief under Ex Parte Sims, 868 S.W.2d 803, at 804-805 (Tex. Cr. App. 1993); Ex Parte McJunkins,

954 S.W.2d 39,39-43 (Tex. Cr. App. 1997).

Relator attempted to file another application for writ of habeas corpus when Relator came accross the case of La Porte vs. State, 840 S.W. 2d 412 (Tex. Cr. App. 1992), and arguing to the Court that their has been a intervening change in the law which should allow Relator the consideration of another application for writ of habeas corpus. However, the Court again refused to hear, and intertain the claim for relief that Relator should be entitled to by the Court of Criminal Appeals.

The Court should relize that there is no new habeas corpus claim when a Applicant merely asserts that a previous ruling which precluded a merits determination was in error. There has been no final determination on the merits of Relator's first application for writ or for that matter there hasn't been any consideration undertaken by the Court of Criminal Appeals under 11.07 that has ever been undertaken by this Court in none of Relator's prior applications in any convictions in cause number's 10085 and 10238W, and cause number 22778 and cause number 13,472, on there merits and there has never been a written response on there merits, it always has been on procedural grounds, such as no proper oath being given to the application which is a requisite to the application. See Code of Criminal Procedural requisite Article 11.14 (5) or Relator had a direct Appeal pending as another procedural ground in keeping Relator's applications from being heard on there merits in any of the above described causes, as it always has been Relator's pleadings were deficient as a matter of pleading, and denial without a written decision. The only reasonable interpretation of the denials of Relator's Applications by the Texas Court of Criminal Appeals is that the Court invoked proceduaral default and did not decide the case on the merits of the Unkept plea bargain agreements, as pointed out by Relator.

## ARTICLE I, SECTION 12 HABEAS CORPUS

The writ of habeas corpus is a writ of right, and shall never be suspended. The Legislature shall enact laws to render the remedy speedy and effectual. See Code Criminal Procedure Article 1.08 and Article 11.07, Section 4.

Relator would assert to the Court of Criminal Appeals that in Ex Parte Torres, 943 S.W.2d 469, at 475-476 (Tex. CR. App. 1997); "Because the direct Appeal record contained insufficient evidence to evaluate the ineffective assistant of Counsel issue, we hold that the rejection of his claim on direct appeal does not bar relitigation of his claim on habeas corpus to the extent that Applicant seeks to gather and introduce additional evidence not contained in the direct Appeal record".

Relator has a similar claim of review on Appeal. Relator raised on Appeal that the "pleas of guilty were based on Unkept Plea bargain agreements". No evidentiary hearing was ever entertained by the Court to allow Relator to develope the facts of the record on Appeal. Relator would point the Court to review Relator's Exhibit "A" a letter written to Relator by Counsel Art Brender who represented Relator at the plea bargain undertaken by Judge Lindsey.

Clearly, a review of exhibit "A" establishes by examination of this letter that Realator had plea bargain agreements at the time Relator entered a plea of guilty which Relator was told by Judge Lindsey that he would except the plea bargain agreements prior to exceptance of the plea by Judge Lindsey.

This letter by Art Brender to Relator shows that upon Judge Lindsey adding a cumulation order to cause number 10238W and stacking the sentence on top of cause number 10085, Relator immediately complained to Art Brender of the unkept plea bargain agreements as the letter was written to Relator by Art Brender in response to Relator's letter to Art Brender dated

Page 15.

February 23,1978, that he responded to on March 2,1978, in his response he makes it clear "the plea bargains in Judge Lindsey's Court were, at that time, even though not required by law, placed in the record, and the matters to which you inquire should be a matter of record".See Exhibit "A" incorporated herein for all purposes.

Relator would contend Judge Lindsey excepted the plea bargain agreements at that time and assessed two probations of four (4) years that were running concurrently.

As, it is well established that where a trial judge does not order that two sentences in two different cases shall be cumulative, the terms of imprisonment automatically run concerrently. Ex Parte Reynolds,462 S.W.2d 605 (Tex. Cr. App. 1970); See also Gordon vs State,575 S.W.2d 529,at 532 (Tex. Cr. App. 1978).

Thus, Relator argues that since the judgments placeing Relator on probation did not indicate that the sentences were to be cumulated, the attempted cumulation after revocation is ineffective, as Judge Lindsey excepted the pleas of guilty for two concurrent sentences, which were suspended and Relator was placed on probation for four (4) years.

Relator would point this Court to examine Exhibit "D" attached hereto incorporated herein for all purposes. This Exhibit "D" which instrument is entitled "conditions of Probation, in cause number's 10085 and 10238W, shows on May 12th, 1977, Relator was placed on probation for a period of Four (4) years, for the offenses Theft of property over 200 & under $10,000 cause number (10238W) and Unauthorized Use of a Motor Vehicle Cause number (10085) by the Honorable Judge Charles W. Lindsey. Relator was only required to report to the probation Officer of Tarrant County, Texas on the 6th day of June, 1977, and on the 6th day each month thereafter, during probation. Relator was only assessed one court cost and one probation fee by Judge

Page 16.

Lindsey and this instrument was written by Judge Lindsey and signed by and signed by Judge Lindsey, himself.

Clearly, Judge Lindsey excepted the Plea bargain agreements.

However, Relator's punishment, upon revocation of probation, was in fact increased to eight (8) years. As such, the trial Judge's actions in entering a cumulation order violated the plea bargain agreements and additionally presented issues in: "Whether an increase in punishment after revocation of punishment violates due process under North Carolina vs. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L. Ed. 2d 656 (1969). CF. Bovie, vs. State, 565 S.W. 2d 543 (Tex. Cr. App. 1978);Lechuga vs. State, 532 S.W. 2d 581 (Tex. Cr. App. 1975).

Judge Lindsey's revocation hearing, he stacked cause number 10238W on top of cause number 10085, thereby rejecting the plea bargain agreements, but he didn't allow Relator to withdraw Relator's pleas of guilty.

Relator will show this Court that Judge Lindsey didn't even have the right to proceed on cause number 10238W at the time in this cause number 10238W until it was consolidated by Relator waiving Relator's rights to be first indicted by the grand-jury, pursuant to the plea bargain agreements of concurrent sentences of probations of four (4) years.Relator wouldn't have waived indictment by the grand-jury unless the two cases were consolidated, cause number"s 10085 and 10238W to be tried together, at the same time, so Relator could receive concurrent sentences.

The pleas were involuntary because they were based on an assurance from Judge Lindsey that he could only assess punishment of two (2) Four (4) year sentences that he would run concurrently together probated.

On Appeal even though Relator filed a Pro Se brief on Appeal it was never considered on its merits because the Court of Appeals found

in accordance with Relator's attorney's brief he obtain a favorable decision in which the cumulation and stacking of Relator's sentence in cause number 10239W was found to be ineffective and ordered to be deleted therefrom. Thereby reforming the sentences to run concurrently. Gordon vs. State, 575 S.W.2d 529, at 534 (Tex. Cr. App. 1978).

Relator's brief was found to be without merit because in the above Court's opinion the Court deleted and reformed the sentences. So, at that time Relator was receiving the sentences concurrently, so Relator wasn't going to suffer no prejudicial harm. So Relator's brief went without the unkept plea bargain claim by Relator ever being considered.

However, it must be remember that the State was granted a Motion for Rehearing and the Court of Criminal Appeals in it's original opinion declaring the cumulation order invalid and reforming the sentence is set aside and the judgments including the cumulation orders are now affirmed. Gordon vs. State, 575 S.W.2d 529, at 534-535 (Tex. Cr. App.1979).

Counsel Jeffrey A. Kearney abandoned Relator on Appeal and did not advise Relator of the right to discretionary review by the Court of Criminal Appeals.

Relator was left with just filing the first habeas corpus Application arguing unkept plea bargain agreements.

It must be remembered the State district attorney mislead the Court in his response to the writ, by asking this Court to cite Relator for writ abuse and arguing to the Court of Criminal Appeals that Relator's claims had already been heard on Appeal and that Coprt found the claims to be without merit and asking the Court to cite relator for writ abuse, which the Court did, and left Relator without Relator's claims of a unkept plea bargain agreements ever being address on there merits.

Relator would point out in Ex Parte Torres,943 S.W.2d 469 (Tex. Cr.

App.1997), and <u>Ex Parte Thomas</u>,953 S.W. 2d 286 (Tex. Cr. App. 1997),the Court has made clear that no final disposition unrelated to the merits and that never addressed the merits of the grounds raised in Relator's previous Pro Se brief on Appeal or Relator's first application for writ of habeas corpus which ended in Relator being cited for writ abuse and the Court's never hearing none of Relator's writs, which there was no final disposition of Relator's initial writ application and in relation with Tex. Code. Crim. Proc. 11.07 Section 4 does not bar this Court from addressing the merits of this instant application for mandamus, habeas corpus to take whatever action it deems appropriate to address the claims raised by this Relator in accordance to the Tex. Code. Crim. Proc. Art. 11.07 3(C).

These above cited cases entitled Relator to ONE BITE AT THE APPLE, THEY clearly contemplated that bite would be a full one. Relator hasn't had no bite at any previously filed Pro Se Brief's on Appeal or any 11.07 postconviction application for writ of habeas corpus, because the Court's denied relief on procedural defaulted grounds.Relator has had no bite at the apple. See also <u>Ex Parte Rawhinson</u>, 958 S.W.2d 198 (Tex. Cr. App.1997).

In Relator's initial application for writ of habeas corpus all claims were not addressed on their merits. Relator meets the exceptions to dismissal.

Relator would also point out to this Court of Criminal Appeals,that the instant application should not be barred as a "subsequent application under the Texas Code Criminal Procedure, Article 11.07, Section 4, because Relator did not become aware of the facts giving rise to the instant application until several years later after theinitial applications.

This Court initially addresses whether the instant application is barred as a "Subsequent application", under Section 4, or whether it falls within an exception to such bar Section 4 provides, in relevant part.

Page 19.

(a) If a subsequent application for writ of an initial application, challenging the same conviction, a Court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that: (1) the current claim and issues have not and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application.

(C) for purposes of subsection (a)(1), a factual basis of a calim is unavailable on or before a date described by subsection (a)(1)if the factual basis was not ascertainable through the exercise of reasonable diligence on or before that date. Tex. Code. Criminal Procedure Article 11.07, 4.

Relator asserts that the Court's of Appeals relied upon Caughorn vs. State, 549 S.W. 2d 196 (Tex. Cr. App. 1977), which held that the State's failure to file notice of consolidation in compliance with section 3.02(b), meant the action did not constitute a single criminal action under section 3.02. Therefore the prohibition against cumulation provided in Section 3.03 did not apply. See also Garza vs. State, 687 S.W.2d 325 (Tex. Cr. App.1985); Smith vs. State, 575 S.W.2d 41 (Tex. Cr. App. 1979).

However, Relator would call the Court's attention to the case of La Porte vs. State, 840 S.W. 2d 412, at 413-414 (Tex. Cr. App. 1992), wherein the Court of Criminal Appeals found that this conclusion was clearly erroneous, and overrule Coughorn. See La Porte vs. State, 840 S.W.2d 412, 413-415 (Tex. Cr. App.1992).

Relator contends theres been a intervening change in the law.See La Porte vs. State, 840 S.W.2d 412,413-415 (Tex. Cr. App. 1992).

A sentence not authorized by law is void. Heath vs. State,817 S.W.

2d 335 (Tex. Cr. App. 1991); See also Wilson vs. State, 677 S.W.2d 518 (Tex. Cr. App. 1994). A defect which renders a sentence void may be raised at any time. Ex Parte McIver, 586 S.W.2d 851, 854 (Tex. Cr. App. 1979); Ex Parte Shields, 550 S.W.2d 670, 675 (Tex. Cr. App. 1977).

Relator has always complained to this Court that Relator had a Plea bargain agreement for two (2) four (4) year sentences that would run concurrently, and in which would be suspended and probated. Relator raised the claim of the unkept plea bargain by Pro Se Brief on direct Appeal. Which was never considered on Appeal due to the Court of Criminal Appeals setting asside the cumulation order and deleting it as ineffective. However, on rehearing by the State it was restacked and Relator has did the whole sentences as stacked and Relator has suffered the full prejudicial harm by this cumulation order on rehearing. See Gordon vs. State, 575 S.W.2d 529, at 534-535 (Tex. Cr. App. 1979). Relator therefore concludes that the correct thing for this Court to rule is that Relator is entitled to relief pursuant to the cases of La Porte vs. State, 840 S.W.2d 412 (Tex. Cr.App. 1992), and Ex Parte Sims, 868 S.W.2d 803 (Tex. Cr. App. 1993), and Ex Parte McJunkins, 954 S.W.2d 39, 39-43 (Tex. Cr. App. 1997).

Relator contends that he should be heard on these matters and Relator's convictions in cause number 10085 and 10238W should be found in error and grant Relator reversal of these convictions and set them for retrial.

Relator would also contend that this Court of Criminal Appeals should also set asside Relator's sentence in cause number 22778 as a void conviction may not be used to enhance an individual's sentence under the Texas Statute. Burgett vs. State of Texas, 389 U.S.109, 112-13, 88 S.Ct. 258, 260-61, 19 L.Ed. 2d 319 (1967). See also Martinez vs. Estelle, 612 F.2d 173, 175 (5th Cir 1980), as Relator also claims that Relator's Counsel Larry M. Thompson at the 1980 trial was ineffective because he failed to investigate the validity of Relator's 1977 convictions, and that he wrongly advised

Relator to plea true to the enhancement counts of cause number 10085 and 10238W without explaining to Relator what the plea of true intended and it's consequence and failed to investigate the void convictions and he allowed Relator to be enhanced by the prosecutor whom used the 1977 convictions for enhancement when he should have known that they were void convictions. See Cook vs. Lynaugh, 821 F.2d 1072 (5th Cir. 1987); See also La Porte vs. State, 840 S.W.2d 412 (Tex. Cr. App. 1992).

And lastly, Relator's sentence in cause number 13,472, should also be reversed for resentence, as Relator was wrongly enhanced by cause number's 10085 and 10238W as they are void convictions pursuant to La Porte vs. State, 840 S.W. 2d 412 (Tex. Cr. App. 1992), and Ex Parte Sims, 868 S.W. 2d 803 (Tex. Cr. App. 1993), and Ex Parte McJunkins, 954 S.W. 2d 39, 39-43 (Tex. Cr. App. 1997); See also Martinez vs. Estelle, 612 F.2d 173, 175 (5th Cir. 1980); See also Spencer vs. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed. 2d 606 (1967).

In Ex Parte Stuart, 653 S.W. 2d 13, the defendant challenged conviction, and the prior convictions uded to enhance it, through numberous applications for writ of habeas corpus Id. At one point, we cited Stuart for abuse of the writ process Id. Seven years after his conviction, Stuart, again sought habeas relief challenging the use of the prior conviction to enhance his sentences. Id. at 14. We found that Stuart's claims had merit in light of changes in the law following our affirmance of his conviction. Id. We then held that under Cooper vs. State, 631 S.W.2d 508 (Tex. Cr. App. 1982), and Ex Parte Augusta, 639 S.W. 2d 481 (Tex. Cr. App. 1982), Stuart was entitled to relief retroactively. Id. 653 S.W. 2d at 14-15.

Thus it is readily apperent in light of Schuessler and Stuart, that previous litigation of the issue does not necessarily bar it's reconsideration

Page 22.

on habeas corpus. See Ex Parte Drake, 883 S.W.2d 213 (Tex. Cr.App.1994).
See also Ex Parte Lemke, 13 S.W.3d 791 (Tex. Cr. App. 2000).

Relator has wailed like a stuck pig for years while this Court has
denied Relator an opportunity to be heard by this Court on Relator's
convictions in cause number 10085 and cause number 10238W, as being a
unkept plea bargain.

The Coprt's have performed such serious surgery on the great writ, as
it applies to postconviction habeas corpus proceedings.

This Court should not forget what the Supreme Court of the United
States previously pointed out in construing the habeas corpus statutes.

"While the rhetoric celebrating habeas corpus has changed little over
the centuries. (footnote deleted), it is neverthe less true that the functions
of the writ have undergone drastic change...

"(H)abeas Corpus is not a static, narrow, formalistic remedy", Jones vs.
Cunningham, 371 U.S. 236, 83 S.Ct. 373,9 L. Ed. 2d 285 (1963), but one
which must retain the ability to cut through barriers of form and
procedural mazes" (Citations Omitted). The very nature of the writ demands
that it be administered essential to insure that miscarriages of justice
within it's reach are surfaced and corrected. (Citation deleted). Thus we
have consistently rejected interpretations of the habeas corpus statutes
that would suffocate the writ in stifling formalisms or hobble its
effectiveness with the manacles of arcane and scholastic procedural
requirement". Hensley vs. Municipal Court, 411 U.S. 345, 93 S.Ct. 1571,
36 L. Ed 2d 294 (1973).

Our habeas corpus law(s) has always been available to obtain release
of any one who is unlawfully restrained of his liberty. See also Ex Parte
Lemke, 13 S.W. 3d 791 (Tex. Cr. App.2000).

Clearly the failure to hear the merits of Relator's Unkept Plea
bargain agreements would work a "Manifest injustice", as there is

Page 23.

controlling authority in the interim that have made a contrary decision of law applicable to the disputed issues. Falcon vs. General Telephone Co, 815 F.2d 317, 320 (5th Cir. 1987); See also La Porte vs. State, 840 S.W.2d 412 (Tex. Cr. App. 1992), and Ex Parte Sims, 868 S.W.2d 803 (Tex. Cr. App. 1993), and Ex Parte McJunkins, 954 S.W.2d 39, 39-43 (Tex. Cr. App. 1997); See also Ex Parte Lemke, 13 S.W.3d 791 (Tex. Cr. App. 2000). Plain error was committed which, if not noticed, would result in a manifest miscarriage of justice Coughlin vs. Capito Cement Co, 571 F.2d 290, 297 (5th Cir. 1978); See also Klapprutt vs. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949).

As there are no time restrictions on a lawsuit of this kind, Relator may apply for the writ any time Relator feels the burden of s multiple convictions are more than Relator can bear.

Relator requests that this Court grant the Mandamus, and application for writ of habeas corpus; order Respondent to show cause why Relator should not be set at liberty; give a plenary hearing to determine the facts; and order production by the State of such documentation as may be necessary for the proper determination of this cause. Relator further prays that after determining the facts herein, the Court order Relator freed from further restraints upon his liberty, order cause number 10085 and cause number 10238W reversed for a new trial in each case and order Relator's sentences in cause number's 22778 and 13,472 reversed for s new sentencing hearing in cause number 22778 and cause number 13,472 and order Relator completely discharged from illegal custody of all Court's and cause numbers and end Relator's illegal confinement from any further custody or confinement.

Respectfully Submitted,

Robert Gordon TDCJ-ID#319173
Wynne Unit
810 FM 2821
Huntsville, Texas 77349

I, Robert Gordon TDCJ-ID#319173, being presently incarcerated at the Wynne Unit of the Texas Department of Criminal Justice--Institutional Division, in Walker County, Texas, declare under penalty of perjury that the foregoing is true and correct. Executed on this 20th day of _April_ 2015.

Robert Gordon TDCJ-ID#319173

Wynne Unit

810 FM 2821

Huntsville, Texas 77349

**ART BRENDER**

*Attorney at Law*
1417 Eighth Avenue
Fort Worth, Texas 76104

Phone (817) 921-3731

March 2, 1978

Mr. Robert Gordon
300 West Belknap
Fort Worth, TX 76102

Dear Mr. Gordon:

In response to your letter of February 23, I would ask that you have your Attorney, Jeff Kearney, contact me concerning the matter. The plea bargains in Judge Lindsey's Court were, at that time, even though not required by law, placed in the record, and the matters to which you inquire should be a matter of record.

Very truly yours,

ART BRENDER

AB:ml

MOVANT EX 10

## AFFIDAVIT OF CHARLEY VALDEZ

STATE OF TEXAS

COUNTY OF WALKER

BEFORE ME, the undersigned, a Notary Public in and for the State of Texas, on this day personally appeared Charley Valdez, who, after being duly sworn, deposes as follows:

"My name is Charley Valdez. I am over twenty-one years of age, of sound mind; capable of making this affidavit; and personally acquainted with the facts herein stated.

I am employed as Program Specialist III for the Classification and Records Division ("CRD") of the Texas Department of Criminal Justice-Corrections Institutions Division, and my office is located in Huntsville, Texas. I have reviewed time records kept by the CRD regarding offender **Robert Gordon, TDCJ # 319173.** CRD maintains these records in the regular course of business of every offender confined; and it was the regular course of business for an employee or representative to TDCJ-CID with knowledge of the act, event, condition, opinion or diagnoses, recorded to make the record or to transmit information thereof to be reasonably soon thereafter. Based on my review of these records, the following table contains the current sentence information for Gordon.

| Offenses | County | Cause Number | Sentence | Sentence Date | Sentence Begin Date | Projected Mandatory Release Date | Maximum Expiration Date |
|---|---|---|---|---|---|---|---|
| Credit Card Abuse | Tarrant | 22778 | 20-years | 4-6-1981 | 6-26-1980 | 9-25-2037 | 11-22-2097 |
| Aggravated Assault W/DW | Walker | 13,472 | 99-years consecutive to cause#22778 | 5-20-1986 | Consecutive | 9-25-2037 | 11-22-2097 |

Offender Gordon was received into TDCJ custody on 5-11-1981 from Tarrant County on a 20-year sentence. Offender Gordon is charged with Credit Card Abuse by the Number Four District Court under cause number 22778. Offender Gordon is charged for an offense occurring on 6-23-1980, with sentencing on 4-6-1981, and to begin on 6-26-1980.

While in TDCJ confined at the TDCJ-Ellis Unit in Walker County, offender committed the offense of Aggravated Assault with A Deadly Weapon. Offender was sentenced to an additional 99-year sentence by the 12th Judicial District Court under cause number 13,472. Offender Gordon is charged for an offense occurring on 10-16-1984, with sentencing on 5-20-1986, and with jail credit allowed from 10-16-1984. This changed the net sentence from 20-years, to 119-years. The offender under cause number 13,472 is eligible for mandatory supervision, but is flat calculated for parole eligibility. Offender has a current parole review date of 11/2009.

On 10-16-2001 pre-sentence jail credits of 581-days was applied on cause number 13,472. The cumulative sentence begin date was changed from 6-26-1980 to 11-23-1978 due to the 581-days of cumulative jail credits pursuant to *Ex parte Bynum*, 772 S.W. 2d 113 (Tex. Crim. App. 1989).

Prior to 1987, sentences were aggregated according to statute. Article 6181-1, V.T.C.S., Sec.1(4) Defining "term" provided: "When two or more sentences are to be served consecutively and not concurrently, the aggregate of the sentences shall be considered the term for purposes of this Article." The statutory demarcation for purposes of consecutive computation was discussed by the Court of Criminal Appeals in *Ex parte Hannington*, 832 S.W. 2d 355 (Tex.Crim. App. 1992).

This is a record of offender's time earning status's to show promotion and demotion dates:
NOTE: **Effective April 1, 1995, the practice of backdating was discontinued per Board of Correction Policy:**

```
11 23 1978 TO 06 13 1982 RATE: S4    | 06 14 1982 TO 10 04 1982 RATE: L2
10 05 1982 TO 05 22 1983 RATE: L3    | 05 23 1983 TO 07 09 1983 RATE: L2
07 10 1983 TO 10 25 1983 RATE: S4    | 10 26 1983 TO 05 10 1984 RATE: L2
05 11 1984 TO 05 31 1987 RATE: L3    | 06 01 1987 TO 09 29 1987 RATE: L3 B
09 30 1987 TO 12 21 1987 RATE: L2 B  | 12 22 1987 TO 03 22 1988 RATE: S4 B
03 23 1988 TO 12 15 1988 RATE: L2 B  | 12 16 1988 TO 07 24 1989 RATE: L3 B
07 25 1989 TO 10 24 1989 RATE: L2 B  | 10 25 1989 TO 05 10 1990 RATE: S4 B
05 11 1990 TO 08 06 1990 RATE: L2 B  | 08 07 1990 TO 01 21 1991 RATE: L3 B
01 22 1991 TO 04 22 1991 RATE: L2 B  | 04 23 1991 TO 08 16 1991 RATE: L1 B
08 17 1991 TO 09 30 2001 RATE: L3 B  | 10 01 2001 TO 10 09 2001 RATE: L2 B
10 10 2001 TO 06 03 2004 RATE: L3 B  | 06 04 2004 TO 02 10 2005 RATE: L2 B
02 11 2005 TO 09 28 2006 RATE: L3 B  | 09 29 2006 TO 03 28 2007 RATE: L1 B
03 29 2007 TO _____ RATE: S4 B | _____ TO _____ RATE: ___
```

Offender Gordon completed his GED on 6-1-1987 and was awarded 60-days of good time credit on 9-18-1987. Offender has a total of 30-years, 1-month, and 23-days of flat time served, 12-years, 2-months, and 4-days of good time, and 1-month, and 30-days of bonus time credits.

**Offenders in administrative segregation shall be awarded only the amount of good conduct time credit based on their time-earning status, for as long as they remain assigned to administrative segregation status. These offenders shall not be awarded the "diligent participation" good conduct time credit.**

Pursuant to TEX. GOV'T. CODE § 501.0081, this office received a time dispute resolution forms from offender on 7-12-2001, and responded to the offender on 10-16-2001. This office responded to the offender that there was no error in his current time calculations. The offender was further advised that if he was dissatisfied with this response that he should contact State Counsel for Offenders for further assistance.

**CHARLEY VALDEZ**
**Program Specialist III**
**Classification and Records**
**Texas Department of Criminal Justice**
**Corrections Institutions Division**

**SUBSCRIBED AND SWORN TO** before me, the said Notary Public on this the 15th day of January, 2009, to certify which witness my hand and seal of office.

Notary Public In and For
The State of Texas

GENEVIEVE Z. ROSE
Notary Public, State of Texas
My Commission Expires
NOVEMBER 09, 2010

Notary without Bond

EX PARTE ROBERT GORDON

WRIT NO. 10,271

- - -  Habeas Corpus Application
From TARRANT County

O R D E R

This is an application for a writ of habeas corpus which was submitted to this Court by the trial court pursuant to the provisions of Art. 11.07, V.A.C.C.P. Ex parte Young, 418 S.W.2d 824 (Tex.Cr.App. 1967).

In 1977, the applicant was convicted of the offenses of unauthorized use of a motor vehicle and theft in Tarrant County cause numbers 10085 and 10238W. Punishment was assessed at imprisonment for four years in each case. These convictions were affirmed on direct appeal. Gordon v. State, 575 S.W.2d 529 (Tex.Cr.App. 1978). In 1981, the applicant was convicted of the offense of credit card abuse in Tarrant County cause number 22778. Punishment, enhanced by proof of the prior conviction for unauthorized of a motor vehicle, was assessed at imprisonment for 20 years. This conviction was affirmed on direct appeal. Gordon v. State, 638 S.W.2d 654 (Tex.App.--Ft. Worth, 1983).

In his present application, the applicant contends that there was a bona fide doubt as to his competence to stand trial in 1977, as well as to his sanity at the time of those offenses. This application, however, presents a more serious question. This Court's records reflect that, in addition to his direct appeals, the applicant has filed five previous applications challenging one or more of these convictions.

It is obvious from the record that the applicant is continuing to raise issues which have been presented and rejected or should have been presented on direct appeal and in his prior writs. The writ of habeas corpus is too serious and important a matter to be lightly and easily abused. See Ex parte Carr, 511 S.W.2d 523 (Tex.Cr.App. 1977); Sanders v. United States, 373 U.S. 1 (1963). See also Smith v. Estelle, 562 F.2d 1006 (5th Cir. 1977); McDonald v. Estelle, 590 F.2d 153 (5th Cir. 1979); Potts v. Zant, 638 F.2d 727 (5th Cir. 1981); Hansen v. Estelle, 641 F.2d 250 (5th Cir. 1981) (delayed applications).

We hold that the applicant's contention is not only without merit, but has been waived and abaondoned by his abuse of the writ of habeas corpus.

Therefore, the Honorable Thomas Lowe, Clerk of the Court of Criminal Appeals, is not to accept or file the instant application for a writ of habeas corpus. He is also instructed not to accept in the future any applications for writ of habeas corpus attacking these convictions unless the applicant has first shown that any contentions presented have not been raised previously and a showing is made that they could not have been presented in any earlier application for habeas corpus relief.[1] Ex parte Dora, 548 S.W.2d 392 (Tex.Cr.App. 1977); Ex parte Bilton, 602 S.W.2d 534 (Tex.Cr. App. 1980).

IT IS SO ORDERED this the 25th day of May, 1983.

PER CURIAM

En banc

---

[1] In Ex parte Dora, *supra*, this Court explained the duty of the trial court after the entry of an abuse order as follows:

> "Where a petitioner has been previously cited for an 'abuse of the Great Writ,' the trial court should not thereafter consider the merits of any application for writ of habeas corpus filed by that petitioner. The trial court should, however, review the application and make findings that this petitioner has abused the writ in the past, thus making the review procedure of this Court more efficient. The transcript should be forwarded to this Court, just as in all other cases, pursuant to our automatic review jurisdiction. See Art. 11.07, Sec. 2(a), *supra*. The writ transcript should, of course, be forwarded to this Court within fifteen days of the trial court's order. See Art. 11.07, Sec. 2(c), *supra*,"

A True Copy
Attest:
Thomas Lowe, Clerk
Court of Criminal Appeals of Texas

By_____

## CONDITIONS OF PROBATION:

THE STATE OF TEXAS      IN CRIMINAL DISTRICT COURT NO. 3
VS. NO. 10085, 10238W   TARRANT COUNTY, TEXAS

Robert Gordon                    May 12, 1977

In accordance with the authority conferred by the Adult Probation and Parole Law of the State of Texas, you have been placed on Probation on this 12th day of May 19 77, for a period of 7 years, for the offense of UNAUTHORIZED USE OF A MOTOR VEHICLE (10085) THEFT OF PROPERTY OVER $200 & UNDER $10,000 (10238W) the Honorable Charles W. Lindsey, Judge, Criminal District Court No. 2, Tarrant County, Texas.

It is the ORDER of the Court that you shall comply with the following terms and conditions of Probation:
Commit no offense against the laws of this State or any other State or the United States;
Avoid injurious or vicious habits;
Avoid persons and places of disreputable or harmful character;

Report to the Adult Probation Officer of Tarrant County, Texas, on the 6th day of June 19 77, and on the 6th day of each month thereafter, during Probation;
Permit the Probation Officer to visit you at your home or elsewhere;
Work faithfully at suitable employment as far as possible;
Remain within the limits of Tarrant County, Texas, unless given permission by the Tarrant County Adult Probation Officer to leave therefrom;
Support your dependents;
Notify the Adult Probation Officer of Tarrant County, Texas, if your address or employment is changed, within five days from the date of change;
Pay to and through the Adult Probation Officer of Tarrant County, Texas, the following:

1. COURT COST in the amount of $ 70.00, at the rate of $ 10.00 per month: the first payment to be made on the 6th day of June, 19 77, and a like payment on the 6th day of each month thereafter until full payment is made;
2. PROBATION FEE in the amount of $ 10.00 on the 6th day of June, 19 77, and on the 6th day of each month thereafter during Probation;
3. RESTITUTION in the amount of $ _____ at the rate of $ _____ per _____: the first payment to be made on the _____ day of _____, 19 ___, and a like payment on the _____ day of each month thereafter until full payment is made;
4. FINE in the amount of $ _____ at the rate of $ _____ per _____: the first payment to be made on the _____ day of _____, 19 ___, and a like payment on the _____ day of each month thereafter until full payment is made.

Submit to a period of detention in the County Jail of Tarrant County, Texas, to serve a term of imprisonment of _____ days, to begin on the _____ day of _____, 19 ___.

FILED
CRIMINAL DISTRICT COURT No. 3
TARRANT COUNTY, TEXAS

MAY 12 1977

J. W. BOORMAN
DISTRICT CLERK
By _____

You are advised that under the laws of this State, the Court has determined and imposed the above terms and conditions of your Probation, and may at any time during the period of Probation alter or modify them. The Court also has the authority, at any time during the period of Probation, to Revoke your Probation for any violation of the conditions of your Probation set out above.

The Court has placed you on Probation, believing that if you sincerely try to obey and live up to the conditions of your Probation, your attitude and conduct will improve to the benefit of the public and yourself.

_____
Judge

This day, a copy of the conditions of Probation was handed to me by the Clerk of this Court.

Robert Gordon
Probationer

Witness: _____
Probation Officer

Witness: _____
Court Clerk

MOVANT 5
JSN

Exhibit "D" 1 Page.

ROBERT GORDON,
      APPLICANT-RELATOR
VS.
TEXAS COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS,
WILLIAM STEPHENS, DIRECTOR,
      RESPONDENT'S

IN THE TEXAS COURT OF
CRIMINAL APPEALS
AUSTIN, TEXAS
CAUSE NO'S. 10085 AND
10238W, AND 13,472 AND
22778.

## APPLICATION FOR WRIT OF MANDAMUS.

TO THE HONORABLE JUDGES OF SAID COURT;

NOW COMES Robert Gordon, Relator, pro se in the above-style and numbered cause's of action and files this original Application for writ of Mandamus pursuant to Texas Constitution Article 5, Subsection C. See also Texas Constitution Article 5, Section 3. This authority is also found in Article 4.04 (1) of the Code of Criminal Procedure, and Texas Rule Appellate Procedure Article 52.1, See Matthaei vs. Clark,(Sup.1969) 110 Tex. 114, 216 S.W. 856; EX PARTE BROOKS,((r App 1986) 722 S.W. 2d 140.

See also Dallas Area Rapid Transit vs. Amalgamated Transit Union Local No. 1338 (Sup 2008) 273 S.W. 3d 659, Certiorari denied 129 S.Ct. 2767, 174 L.Ed.2d 284. See also Martin vs. Hamlin,---25 S.W. 3d 718 (Tex. Cr. App. 2000);See also State Ex rel. Healey vs. McMeans,--884 S.W. 2d 772 (Tex. Cr. App. 1994); EX PARTE Rodriguez vs. Court of Criminal Appeals, 980 S.W.2d 475 (Tex. CR.App. 1998).

I.

RELATOR;

    Robert Gordon TDCJ-ID#319173 is an offender incarcerated in the Texas Department of Criminal Justice--Institutional Division and is appearing pro se, who can be located at the Wynne Unit, 810 FM 2821, Huntsville, Texas 77349.

II.

RESPONDENT:

    Respondent Texas Court of Criminal Appeals, P.O.Box 12308,Capitol Station, Austin, Texas 78711.

    Respondent William Stephens Director P.O.Box 99, Huntsville, Texas 77342.

### III.

Relator has exhausted all remedies and has no other adequate remedy at law.

The act sought to be compelled is ministering not discretionary in nature. Braxton vs. Dunn, 803 S.W.2d 318, 320 (Tex. Cr. App. 1991). An act is ministerial "when the law clearly spells out the duty to be performed... with such certainty that nothing is left to the exercise of discretion or judgment". Texas Dept. of Corrections vs. Dalehite, 623 S.W. 2d 20, 24 (Tex. Cr. App. 1981).

The Court of Criminal Appeals and each judge thereof shall have, and is hereby given, the power and authority to grant and issue the issuance of writ of habeas, and in criminal matters, the writs of Mandamus, Procedendo, Prohibition, and Certiorari. The Court and each Judge thereof have , and is hereby given, the power and authority to grant and issue and cause the issuance of such other writs as may be necessary to protect its jurisdiction or enforce its judgments. Texas Constitution Article 5, Subsection C.

### IV.
### HISTORY OF THE STATE'S CASE AND IN CUSTODY REQUIREMENT

Relator was convicted in cause number 10085 and 10238W in which Relator pled guilty to the two cause's in exchange for two (2) four (4) year sentences to be ran concurrently, that would be probated.

Judge Lindsey personally participated in the plea bargaining processes. Relator was told by Judge Lindsey that is he decided at any time, that he was going to reject the plea bargain agreements, that Relator would be allowed, and shall be permitted to withdraw Relator's pleas of guilty. However, at the point in which Judge Lindsey heard the revocation of probation hearing he stacked cause number 10238W on top of cause number 10085, thereby rejecting the plea bargain agreements.

Page 3.

These plea bargain agreements were consolidated and tried at the same time as Relator plead guilty to both offenses at the same time in cause number's 10085 and 10238W. To provide evidence of this fact Relator would point this Court to the fact in order for Judge Lindsey to be able to consolidate these cause number's 10085 and cause number 10238W, Relator had to waive Relator's rights to indictment in which Relator did in order to recive the two cause's 10085 and 10238W to be tried together at the same time, so Relator could receive concurrent setences otherwise Relator would not of waived Relator's rights to be indicted first before the Court could proceed on both cause's 10085 and 10238W, as the Court lacked jurisdiction for trial of both cause's at that time. Relator would further argue to this Court that Relator is actually innocent of committing these offenses of Theft in cause number 10238W and Unauthorize Use of a Motor Vehicle in cause number 10085.

Relator would show this Court that because of the serious collateral consequences arising from a conviction for felony theft the doctrine of mootness does not prohibit this collateral attack. See Ex Parte Guzman, 551 S.W.2d 387 (Tex. Cr. App.1977); Ex Parte Burt, 499 S.W.2d 109 (Tex Cr. App. 1973); Ex Parte Jentsch,510 S.W.2d 320 (Tex. Cr. App. 1974); Ex Parte Langston, 510 S.W. 2d 603 (Tex. Cr. App. 1974);See also Ex Parte Harp, 561 S.W. 2d 180 (Tex. Cr. App. 1978).

Relator would contend that it is well settled that a habeas corpus Application Applicant meets the statutory "in custody"requirements when,at the time he files the petition he is in custody pursuant to the conviction he attacks or he is in custody pursuant to another conviction that is positively and demonstrably related to the convictions he attacks. See Carter vs. Procunier, 755 F.2d 1126 (5th Cir. 1985); See also Carter vs. Estelle, 677 F. 2d 427 (5th Cir. 1982).

Page 4.

Relator would assert that Relator is confined pursuant to a May 20th 1986, conviction for aggravated assault in cause number 13,472, wherein the 12th Judicial District Court of Walker County, Texas, upon plea of not guilty and jury trial, Relator was found guilty and punishment was assessed by the jury at 99 years imprisonment and ordered to run consecutively with the sentence Relator was assessed upon conviction for credit card abuse of 20 years imprisonment as punishment in cause number 22778. Therefore, Relator's present confinement is set at 119 years imprisonment. Punishment enhanced by proof of the prior convictions in cause number 10085 and cause number 10238W in both convictions in cause numbers 22778 and in cause number 13,472, that Relator is now confined on.

However, in cause number 22778, Relator plead true to the enhancement Count's cause number 10085 and cause number 10238W. Therefore, Relator would show that Counsel at the 1981 trial was ineffective because he failed to investigate the validity of Relator's 1977 convictions that the prosecutor used the 1977 convictions for enhancement counts when he should have known that it was void. See. V.T.C.A.Penal Code 3.03.

A defendant may not by agreement render legal a punishment which is not otherwise authorized by law. Heath vs. State, 817 S.W.2d 335 (Tex. Cr. App. 1991). In circumstances such as Relator's "sentences shall run concurrently." V.T.C.A.Penal Code 3.03. This language creates an absolute restriction of a trial Court's general authority to impose consecutive sentences. See Wilson vs. State,677 S.W.2d 518 (Tex. Cr. App. 1984). A defect which renders a sentence void may be raised at any time. Ex Parte Mcjver,586 S.W.2d 851, 854 (Tex. Cr. App. 1979); Ex Parte Shields, 550 S.W.2d 670, 675 (Tex. Cr. App.1977).

Clearly, La Porte vs. State,840 S.W. 2d 412 (Tex. Cr. App. 1992), Leaves no doubt, on the State of the law in this area of the law.

Page 5.

See also <u>Ex Parte Sims</u>,868 S.W.2d 803 (Tex. Cr. App. 1993), and <u>Ex Parte</u>

<u>McJunkins</u>, 954 S.W.2d 39,39-43 (Tex. Cr. App.1997); See also <u>Cook</u> vs.

<u>Lynaugh</u>, 821 F.2d 1072 (5th Cir. 1987); See also <u>Hill</u> vs. <u>Lockhart</u>, 474

U.S. 52, 106 S.Ct. 366, 369, 88 L. Ed. 2d 203(1985). As Relator clearly

had a plea bargain for concurrent sentences in cause No's. 10085 and

10238W. See attachment hereto of Exhibit "A" o incorporated herein for all

purposes. Clearly Relator is entitled to reversal of the convictions and

sentences.

Relator suggests the proper remedy in cause number's 10085 and 10238W

should be found to be void under <u>La Porte</u> vs. <u>State</u>, 840 S.W.2d 412 (Tex.

Cr. App. 1992); and <u>Ex Parte Sims</u> 868 S.W.2d 803 (Tex. Cr. App. 1993); And

<u>Ex Parte McJunkins</u>,954 S.W.2d 39-43 (Tex. Cr. App. 1997), and remand

back to the trial Court for new trial, relying on these above described

Court decisions and in cause number's 22778 and 13,472 these sentence's

should be reversed for resentence without the void convictions 10085 and

10238W being used for enhancement Counts purposes. As a matter of the law.

See <u>Burgett</u> vs. <u>State of Texas</u>,389 U.S. 109, 112-13, 88 S.Ct. 258, 260-61,

19 L. Ed. 2d 319 (1967); <u>Zales</u> vs. <u>Henderson</u>, 433 F.2d 20 (5th Cir. 1970);

<u>Martinez</u> vs. <u>Estelle</u>,612 F.2d 173 (5th Cir. 1980); <u>Carter</u> vs. <u>Estelle</u>, 677

F.2d 427 (5th Cir. 1982); See also <u>Carter</u> vs. <u>Procunier</u>755 F.2d 1226 (5th.

Cir. 1985); <u>Cook</u> vs. <u>Lynaugh</u>,821 F.2d 1072 (5th. Cir. 1987).

V.

THRESHOLD QUENTIONS

Several preliminary issues will be raised which must be considered

before the issues are reviewed on there merits; this has the effect of

making this case more complex than the issues of complaints "Unkept Plea

Bargain agreements and void stacking of the sentences in cause number

10085 and 10238W", which changed Relator's punishment from a total of

four (4) years maximum to a eight (8) year maximum, prison sentence. See

Page 6.

Attachment hereto of Exhibit "B" 1 of 3 pages incorporated herein for all purposes. Relator did the whole eight (8) years maximum sentence.

A EXAMINATION OF THE ATTACHMENT Exhibit "B" is a affidavit of Charley Valdez, at page 2 at the bottom of the page is a record of Offender Robert Gordon TDCJ-ID#319173 time earning status's to show promotion and demotion dates: "Which shows Relator was between 11-23-1978 to 06-13-1982 a S4 Trusty Line Class". S4 Status earns 30 days for every 30 days done and earns additionally another 30 days good time. A total of 60 days for time earning status, Time line class which equals all time earn for that period. This chart in this box also shows from 10-05-1982 to 05-22-1983 that Relator was Line class 3, which does not earn any time of good time status, this time period only earns day for day time earning status, which means no good time earn. The chart further shows that Relator was Line 2 status from 05-23-1983 to 07-09-1983, this time earning status earns day for day with only 10 days added for good time status. A line I Status earns every 30 days he receives 20 days good time earning status. The "B" Status earns a extra 10 days for every 30 days that Relator is Line I Status.

Clearly, there is a chart showing that Relator was continually confined between 11-23-1978 to 03-28-07. Which shows Relator discharged the original 1977 convictions and the 1980 conviction up to the date and begain serving the 1984 conviction up to the date Relator is still confined under.

The chart above described clearly shows Relator completed the two four (4) year sentences as stack by Judge Lindsey. Therefore, Relator suffer the punishment of the prejudicial stacking of the two four (4) year sentences and Relator has completed doing the eight (8) years sentence in full.

Therefore, Relator seeks to withdraw Relator's pleas of guilty in

cause number's 10085 and 10238W and be able to plea again, Anew to not guilty in accordance to the prejudicial punishment of the Eight years that Relator had to do, in violation of Relator's original plea bargain agreements of the (2) four (4) year concurrent sentencing. La Porte vs. State, 840 S.W.2d 412 (Tex. Cr. App. 1992); and Ex Parte Sims, 868 S.W. 2d 803 (Tex. Cr. App. 1993); And Ex Parte McJunkins, 954 S.W.2d 39-43 (Tex. Cr. App. 1997).

Relator was cited for abuse of the writ process pursuant to an order of the Court of Criminal Appeals, pn May 25th, 1983. Said Order is attached as Exhibit "C", incorporated herein for all purposes.

Relator states that, as set out in Relator's original Application for habeas corpus, Relator has not been provided with the opportunity to challenge the earlier convictions in number's 10085 and 10238W, on the issues now presented due to the fact that the only issue on Relator's prior Appeal proffered by Counsel Jeffrey A. Kearney was the issue of the Judge's authority to cummulate Relator's sentences. In this Appeal Counsel Jeffrey A. Kearney received a proitable decision by the Court of Criminal Appeals in it's opinion by the Court ordering the cumulation recitals in the sentences in cause number 10238W are ineffective and are therefore ordered deleted therefrom, under the Court's decision in Ex Parte Reynolds, 462 S.W. 2d 605 (Tex. Cr. App. 1970). However, the Court didn't stop there, it went on to state: "Finally, we have reviewed the Appellant's pro se allegations and we find them to be without merit." See Gordon vs. State 575 S.W.2d 529, at 534 (Tex. Cr. App. 1978).

Relator raised in Relator's Prom Se allegations the conviction and sentences were based on "Unkept Plea Bargain Agreements".

Relator would further show the Court that Relator filed two (2) writ's of habeas corpus while Appeal was still pending before the Court of

Criminal Appeals, which Judge Lindsey ordered Relator's two (2) writs of habeas corpus to be forwarded to the Court of Criminal Appeals to be treated as pro se brief's on Appeal, per order of the Judge Lindsey.

Upon review of these Pro Se Brief's on Appeal, because the Court of Criminal Appeals entered into a judgment in Relator's behalf by ordering the cumulation of cause number 10238W as being ineffective and therefore ordered deleted therefrom, and ordering the reformation of the sentences of cause number's 10085 and 10238W to be ran concurrently. See Gordon vs. State, 575 S.W.2d 529, at 534 (Tex. App. 1978).

Relator's pro se brief's were never reached on there merits because the Court of Appeals was ordering the reformation of the stacking order of the Court Judge Lindsey. See Gordon vs. State, 575 S.W. 2d 529, at 534 (Tex. Cr. App. 1978), and this is why the Court found Relator's "Unkept plea bargain agreement claims in the pro se brief's to be without merit, because the Court of Criminal Appeals was reforming the stacking of the sentences".

So, Relator didn't suffer no prejudice, as Relator was having Relator's original plea bargain agreement enforced by the Court of Criminal Appeals ordering the reformation of the sentences of cause number 10085 and 10238W to be ran concurrently. Gordon vs. State, 575 S.W.2d 529, at 534 (Tex. Cr. App. 1978).

However, the State filed a Motion for Rehearing within the Texas Court of Criminal Appeals under its rules, ordered a rehearing, on the State's filed Motion for Rehearing. The Rehearing was granted, and that part of the original opinion declaring the cumulation order invalid and reforming the sentence is set aside and the judgment including the cumulation orders are now affirmed. See Gordon vs. State, 575 S.W.2d 529 at 534-535 (Tex. Cr. App. 1979).

Page 9.

Relator has did the full sentences as stacked and has fully completed the sentences as stacked due to the Court of Criminal Appeals opinion and decision. See Gordon vs. State, 575 S.W.2d 529, at 534-535 (Tex. Cr. App. 1979). So, Relator has suffered the prejudicial harm of the Court of Criminal Appeals opinion and decision on rehearing. See also Exhibit "B", the affidavit of Valdez.

Relator would further point out to the Court that on direct Appeal Counsel Jeffrey A. Kearney completely abandoned Relator on Appeal when he received the proitable decision by the Court of Criminal Appeals in its opinion. However, on State's granted Motion for Rehearing and the Court of Criminal Appeals decision in restacking the sentences. Gordon vs. State, 575 S.W. 2d 529, at 534-535 (Tex. Cr. App. 1979).

Counsel Jeffrey A. Kearney merely sent Relator the Court's decision, with a letter of the opinion and never advised Relator of the rights to file a Motion for discretionary review, thereby, denying Relator of the right to do so and just merely abandoned Relator.

Relator due to the Court's never reaching the "Unkept Plea bargain issue" raised by Relator. Relator filed the first application for writ of habeas corpus in the 3rd Judicial District Court of Tarrant County, Texas.

The assistant district attorney in Fort Worth, Texas, filed a writ response to Relator's first writ of habeas corpus filed and heard as a writ of habeas corpus and attached a copy of Relator's two writs of habeas corpus that were forwarded to the Court of Criminal Appeals to be consider as Pro Se brief's on Appeal, which went without being actually heard on oits merits because the Court's order reforming the sentence pursuant to attorney Jeffrey A. Kearney's brief on Appeal receiving a favorable Court of Criminal Appeals decision. See Gordon vs. State, 575 S.W.2d 529, at 531-534 (Tex. Cr. App. 1978).

The Assistant District Attorney in Fort Worth, Texas, attached a copy

of Relator's Pro Se brief's on Appeal and pointed to the Opinion of the Court of Criminal Appeals wherein the Court stated that Relator's Pro Se brief on Appeal was without merit and argued that the Court should cite Relator for abuse of the writ of habeas corpus because Relator has already addressed Relator's claims on Appeal and the Court of Criminal Appeals has found them to be without merit and Relator is again attempting to have the same claims heard again after they have already been heard and denied and found to be without merit by the Court of Criminal Appeals. The assistant district attorney "played the district Court Judge and the Court of Criminal Appeals", by these arguments and committed fraud on the Court in which the assistant district attorney acted with a intentional ill motive which should not have pass even the most lenient ethical "smell test". He clearly bypassed questions of ethic's in a effort to gain advantage in this litigation. He clearly acted in bad faith and ignored the facts of the true reasons in why Relator's Pro Se brief's on Appeal were found to be without merit by the Court of Criminal Appeals decision and opinion in which the Court of Criminal Appeals was ordering, the cumulation recitals in the sentence in cause number 10238W to be ineffective and therefore ordered it deleted therefrom. As, the next statement by the Court of Criminal Appeals: Finally, we have reviewed the Appellant's Pro Se allegations and we find them to be without merit, but this finding was made because Relator received a favorable decision on Appeal by the unstacking order. See Gordon vs. State, 575 S.W.2d 529, at 531-534 (Tex. Cr. App. 1978).

Furthermore, the Assistant district attorney also gain advantage by his false arguments to the Court of Criminal Appeals by that Court citing Relator for writ abuse in Relator's first writ of habeas corpus that was considered at that time and Relator has been denied the ability to ever file another writ of habeas corpus since the Assistant district attorney made his fraudulent arguments that got the Court of Criminal Appeals to cite

Page 11.

Relator for writ abuse. See prior writ abuse attached hereto as Exhibit "C" incorporated herein for all purposes.

Subsequently, the State filed a Motion for rehearing within the Texas Court of Criminal Appeals under the Rules, ordered a rehearing on the State's filed Motion for rehearing. The rehearing was granted, and that part of the original opinion declaring the cumulation set aside is now reversed and the judgment including the cumulation order are now affirmed. See Gordon vs. State,575 S.W.2d 529, at 534-535 (Tex. Cr. App. 1979).

Relator would argue to the Court that the rehearing the Court of Criminal Appeals entered into error by relying on Spencer vs. State, 503 S.W.2d 557 (Tex. Cr. App. 1974), and Ex Parte Crawford, 36 Tex. Cr. App. 180, 36 S.W. 92 (1896); Ex Parte March, 423 S.W. 2d 916 (Tex. Cr. App.1968), And Ex Parte Davis, 542 S.W.2d 117 (Tex. Cr. App. 1976).

Relator contends that the trial Court erred in cumulating the sentences because concurrent sentences are mandated by Tex. Penal Code Ann. 3.03 (Vernon's 1974):

> Section 3.03 provides:
>
> When the accused is found guilty of more than
> one offense, arising out of the same criminal
> episode prosecuted in a single criminal action,
> sentences for each offense for which he has
> been found guilty shall be prononced. Such
> sentences shall run concurrently.

The Court of Criminal Appeals on rehearing erred in that it relied on outdated cases and law...

Relator would show the Court where a trial Judge's cumulates and does increase punishment after revocation, an additional issue is presented: Whether an increase in punishment after revocation violates due process under North Carolina vs. Pearce, 395 U.S.711, 89 S.Ct. 2072, 23 L.Ed. 2d 656 (1969). Cf. Bovie vs. State,565 S.W.2d 543 (Tex. Cr. App. 1978);Lechuga vs. State,532 S.W.2d 581 (Tex. Cr. App. 1975).

Page 12.

The Court of Criminal Appeals additionally stated in La Porte vs. State, 840 S.W.2d 412 (Tex. Cr. App. 1992) that:

> "An improper cumulation order is, in essence, a void sentence, and such error cannot be waived. A defect which renders a sentence void may be raised at any time. Levy vs. State, 818 S.W.2d 801 (Tex. Cr. App. 1991)."

The La Porte, Court further recognized that it had vacated improper cumulation orders presented for the first time in Postconviction writs of habeas corpus. La Porte, Supra, footnote 5. See Ex Parte Ashe, 641 S.W.2d 243 (Tex. Cr. App. 1982), and Ex Parte Vasquez, 712 S.W.2d 754 (Tex. Cr. App. 1986). See also Ex Parte Sims, 868 S.W.2d 803 (Tex. Cr. App. 1993), Ex Parte McJunkins, 954 S.W.2d 39, 39-43 (Tex. Cr. App. 1997).

Relator contends that as a matter of the law the trial Court, as well the Court of Criminal Appeals has erred in cumulating the sentences because concurrent sentences are mandated by Tex. Penal Code. Ann. 3.03 (Vernon's 1974), as a matter of law. See La Porte vs. State, 840 S.W.2d 412 (Tex. Cr. App. 1992); Ex Parte Sims, 868 S.W.2d 803 (Tex. Cr. App. 1993), and Ex Parte McJunkins, 954 S.W. 2d 39, 39-43 (Tex. Cr. App. 1997), in which Relator relies and is entitled to as a matter of law.

Relator's convictions should be voided and Relator returned to the trial Court to face these charges again, as Relator's plea bargain agreements were violated by the Court and Relator has already did the sentences, as cumulated against Relator in cause number's 10085 and 10238W. Relator has suffered the prejudicial harm of the stacking of the sentences. Relator should be able to withdraw the pleas of guilty, as Relator was told he would be allowed to do, if Judge Lindsey didn't except the pleas of guilty. Relator is entitled to relief under Ex Parte Sims, 868 S.W.2d 803, at 804-805 (Tex. Cr. App. 1993); Ex Parte McJunkins,

Page 13.

954 S.W.2d 39,39-43 (Tex. Cr. App. 1997).

Relator attempted to file another application for writ of habeas corpus when Relator came accross the case of La Porte vs. State, 840 S.W. 2d 412 (Tex. Cr. App. 1992), and arguing to the Court that their has been a intervening change in the law which should allow Relator the consideration of another application for writ of habeas corpus. However, the Court again refused to hear, and intertain the claim for relief that Relator should be entitled to by the Court of Criminal Appeals.

The Court should relize that there is no new habeas corpus claim when a Applicant merely asserts that a previous ruling which precluded a merits determination was in error. There has been no final determination on the merits of Relator's first application for writ or for that matter there hasn't been any consideration undertaken by the Court of Criminal Appeals under 11.07 that has ever been undertaken by this Court in none of Relator's prior applications in any convictions in cause number's 10085 and 10238W, and cause number 22778 and cause number 13,472, on there merits and there has never been a written response on there merits, it always has been on procedural grounds, such as no proper oath being given to the application which is a requisite to the application. See Code of Criminal Procedural requisite Article 11.14 (5) or Relator had a direct Appeal pending as another procedural ground in keeping Relator's applications from being heard on there merits in any of the above described causes, as it always has been Relator's pleadings were deficient as a matter of pleading, and denial without a written decision. The only reasonable interpretation of the denials of Relator's Applications by the Texas Court of Criminal Appeals is that the Court invoked proceduaral default and did not decide the case on the merits of the Unkept plea bargain agreements, as pointed out by Relator.

## ARTICLE I, SECTION 12 HABEAS CORPUS

The writ of habeas corpus is a writ of right, and shall never be suspended. The Legislature shall enact laws to render the remedy speedy and effectual. See Code Criminal Procedure Article 1.08 and Article 11.07, Section 4.

Relator would assert to the Court of Criminal Appeals that in Ex Parte Torres, 943 S.W.2d 469, at 475-476 (Tex. CR. App. 1997); "Because the direct Appeal record contained insufficient evidence to evaluate the ineffective assistant of Counsel issue, we hold that the rejection of his claim on direct appeal does not bar relitigation of his claim on habeas corpus to the extent that Applicant seeks to gather and introduce additional evidence not contained in the direct Appeal record".

Relator has a similar claim of review on Appeal. Relator raised on Appeal that the "pleas of guilty were based on Unkept Plea bargain agreements". No evidentiary hearing was ever entertained by the Court to allow Relator to develope the facts of the record on Appeal. Relator would point the Court to review Relator's Exhibit "A" a letter written to Relator by Counsel Art Brender who represented Relator at the plea bargain undertaken by Judge Lindsey.

Clearly, a review of exhibit "A" establishes by examination of this letter that Realator had plea bargain agreements at the time Relator entered a plea of guilty which Relator was told by Judge Lindsey that he would except the plea bargain agreements prior to exceptance of the plea by Judge Lindsey.

This letter by Art Brender to Relator shows that upon Judge Lindsey adding a cumulation order to cause number 10238W and stacking the sentence on top of cause number 10085, Relator immediately complained to Art Brender of the unkept plea bargain agreements as the letter was written to Relator by Art Brender in response to Relator's letter to Art Brender dated

Page 15.

February 23, 1978, that he responded to on March 2, 1978, in his response he makes it clear "the plea bargains in Judge Lindsey's Court were, at that time, even though not required by law, placed in the record, and the matters to which you inquire should be a matter of record". See Exhibit "A" incorporated herein for all purposes.

Relator would contend Judge Lindsey excepted the plea bargain agreements at that time and assessed two probations of four (4) years that were running concurrently.

As, it is well established that where a trial judge does not order that two sentences in two different cases shall be cumulative, the terms of imprisonment automatically run concerrently. Ex Parte Reynolds, 462 S.W.2d 605 (Tex. Cr. App. 1970); See also Gordon vs State, 575 S.W.2d 529, at 532 (Tex. Cr. App. 1978).

Thus, Relator argues that since the judgments placeing Relator on probation did not indicate that the sentences were to be cumulated, the attempted cumulation after revocation is ineffective, as Judge Lindsey excepted the pleas of guilty for two concurrent sentences, which were suspended and Relator was placed on probation for four (4) years.

**Relator** would point this Court to examine Exhibit "D" attached hereto incorporated herein for all purposes. This Exhibit "D" which instrument is entitled "conditions of Probation, in cause number's 10085 and 10238W, shows on May 12th, 1977, Relator was placed on probation for a period of Four (4) years, for the offenses Theft of property over 200 & under $10,000 cause number (10238W) and Unauthorized Use of a Motor Vehicle Cause number (10085) by the Honorable Judge Charles W. Lindsey. Relator was only required to report to the probation Officer of Tarrant County, Texas on the 6th day of June, 1977, and on the 6th day each month thereafter, during probation. Relator was only assessed one court cost and one probation fee by Judge

Lindsey and this instrument was written by Judge Lindsey and signed by and signed by Judge Lindsey, himself.

Clearly, Judge Lindsey excepted the Plea bargain agreements.

However, Relator's punishment, upon revocation of probation, was in fact increased to eight (8) years. As such, the trial Judge's actions in entering a cumulation order violated the plea bargain agreements and additionally presented issues in: "Whether an increase in punishment after revocation of punishment violates due process under North Carolina vs. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L. Ed. 2d 656 (1969). CF. Bovie, vs. State, 565 S.W. 2d 543 (Tex. Cr. App. 1978);Lechuga vs. State, 532 S.W. 2d 581 (Tex. Cr. App. 1975).

Judge Lindsey's revocation hearing, he stacked cause number 10238W on top of cause number 10085, thereby rejecting the plea bargain agreements, but he didn't allow Relator to withdraw Relator's pleas of guilty.

Relator will show this Court that Judge Lindsey didn't even have the right to proceed on cause number 10238W at the time in this cause number 10238W until it was consolidated by Relator waiving Relator's rights to be first indicted by the grand-jury, pursuant to the plea bargain agreements of concurrent sentences of probations of four (4) years.Relator wouldn't have waived indictment by the grand-jury unless the two cases were consolidated, cause number"s 10085 and 10238W to be tried together, at the same time, so Relator could receive concurrent sentences.

The pleas were involuntary because they were based on an assurance from Judge Lindsey that he could only assess punishment of two (2) Four (4) year sentences that he would run concurrently together probated.

On Appeal even though Relator filed a Pro Se brief on Appeal it was never considered on its merits because the Court of Appeals found in

in accordance with Relator's attorney's brief he obtain a favorable decision in which the cumulation and stacking of Relator's sentence in cause number 10238W was found to be ineffective and ordered to be deleted therefrom. Thereby reforming the sentences to run concurrently. Gordon vs. State, 575 S.W.2d 529, at 534 (Tex. Cr. App. 1978).

Relator's brief was found to be without merit because in the above Court's opinion the Court deleted and reformed the sentences.So, at that time Relator was receiving the sentences concurrently, so Relator wasn't going to suffer no prejudicial harm. So Relator's brief went without the unkept plea bargain claim by Relator ever being considered.

However, it must be remember that the State was granted a Motion for Rehearing and the Court of Criminal Appeals in it's original opinion declaring the cumulation order invalid and reforming the sentence is set aside and the judgments including the cumulation orders are now affirmed. Gordon vs. State, 575 S.W.2d 529, at 534-535 (Tex. Cr. App.1979).

Counsel Jeffrey A. Kearney abandoned Relator on Appeal and did not advise Relator of the right to discretionary review by the Court of Criminal Appeals.

Relator was left with just filing the first habeas corpus Application arguing unkept plea bargain agreements.

It must be remembered the State district attorney mislead the Court in his response to the writ, by asking this Court to cite Relator for writ abuse and arguing to the Court of Criminal Appeals that Relator's claims had already been heard on Appeal and that Coprt found the claims to be without merit and asking the Court to cite relator for writ abuse, which the Court did, and left Relator without Relator's claims of a unkept plea bargain agreements ever being address on there merits.

Relator would point out in Ex Parte Torres,943 S.W.2d 469 (Tex. Cr.

App.1997), and <u>Ex Parte Thomas</u>,953 S.W. 2d 286 (Tex. Cr. App. 1997),the Court has made clear that no final disposition unrelated to the merits and that never addressed the merits of the grounds raised in Relator's previous Pro Se brief on Appeal or Relator's first application for writ of habeas corpus which ended in Relator being cited for writ abuse and the Court's never hearing none of Relator's writs, which there was no final disposition of Relator's initial writ application and in relation with Tex. Code. Crim. Proc. 11.07 Section 4 does not bar this Court from addressing the merits of this instant application for mandamus, habeas corpus to take whatever action it deems appropriate to address the claims raised by this Relator in accordance to the Tex. Code. Crim. Proc. Art. 11.07  3(C).

These above cited cases entitled Relator to **ONE BITE AT THE APPLE,** THEY clearly contemplated that bite would be a full one. Relator hasn't had no bite at any previously filed Pro Se Brief's on Appeal or any 11.07 postconviction application for writ of habeas corpus, because the Court's denied relief on procedural defaulted grounds.Relator has had no bite at the apple. See also <u>Ex Parte Rawhinson</u>, 958 S.W.2d 198 (Tex. Cr. App.1997).

In Relator's initial application for writ of habeas corpus all claims were not addressed on their merits. Relator meets the exceptions to dismissal.

Relator would also point out to this Court of Criminal Appeals,that the instant application should not be barred as a "subsequent application under the Texas Code Criminal Procedure, Article 11.07, Section 4, because Relator did not become aware of the facts giving rise to the instant application until several years later after theinitial applications.

This Court initially addresses whether the instant application is barred as a "Subsequent application", under Section 4, or whether it falls within an exception to such bar Section 4 provides, in relevant part.

Page 19.

(a) If a subsequent application for writ of an initial application, challenging the same conviction, a Court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that: (1) the current claim and issues have not and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application.

(C) for purposes of subsection (a)(1), a factual basis of a calim is unavailable on or before a date described by subsection (a)(1)if the factual basis was not ascertainable through the exercise of reasonable diligence on or before that date. Tex. Code. Criminal Procedure Article 11.07, 4.

Relator asserts that the Court's of Appeals relied upon Caughorn vs. State, 549 S.W. 2d 196 (Tex. Cr. App. 1977), which held that the State's failure to file notice of consolidation in compliance with section 3.02(b), meant the action did not constitute a single criminal action under section 3.02. Therefore the prohibition against cumulation provided in Section 3.03 did not apply. See also Garza vs. State,687 S.W.2d 325 (Tex. Cr. App.1985); Smith vs. State, 575 S.W.2d 41 (Tex. Cr. App. 1979).

However, Relator would call the Court's attention to the case of La Porte vs. State, 840 S.W. 2d 412, at 413-414 (Tex. Cr. App. 1992), wherein the Court of Criminal Appeals found that this conclusion was clearly erroneous, and overrule Coughorn. See La Porte vs. State, 840 S.W.2d 412, 413-415 (Tex. Cr. App.1992).

Relator contends theres been a intervening change in the law.See La Porte vs. State, 840 S.W.2d 412,413-415 (Tex. Cr. App. 1992).

A sentence not authorized by law is void. Heath vs. State,817 S.W.

2d 335 (Tex. Cr. App. 1991); See also <u>Wilson</u> vs. <u>State</u>,677 S.W.2d 518 (Tex. Cr. App. 1994). A defect which renders a sentence void may be raised at any time. <u>Ex Parte McIver</u>,586 S.W.2d 851,854 (Tex. Cr. App. 1979); <u>Ex Parte Shields</u>, 550 S.W.2d 670, 675 (Tex. Cr. App. 1977).

Relator has always complained to this Court that Relator had a Plea bargain agreement for two (2) four (4) year sentences that would run concurrently, and in which would be suspended and probated. Relator raised the claim of the unkept plea bargain by Pro Se Brief on direct Appeal. Which was never considered on Appeal due to the Court of Criminal Appeals setting asside the cumulation order and deleting it as ineffective. However, on rehearing by the State it was restacked and Relator has did the whole sentences as stacked and Relator has suffered the full prejudicial harm by this cumulation order on rehearing. See <u>Gordon</u> vs. <u>State</u>, 575 S.W.2d 529, at 534-535 (Tex. Cr. App. 1979). **Relator** therefore concludes that the correct thing for this Court to rule is that Relator is entitled to relief pursuant to the cases of <u>La Porte</u> vs. <u>State</u>, 840 S.W.2d 412 (Tex. Cr.App. 1992), and <u>Ex Parte Sims</u>,868 S.W.2d 803 (Tex. Cr. App. 1993), and <u>Ex Parte McJunkins</u>, 954 S.W.2d 39, 39-43 (Tex. Cr. App. 1997).

Relator contends that he should be heard on these matters and Relator's convictions in cause number 10085 and 10238W should be found in error and grant Relator reversal of these convictions and set them for retrial.

Relator would also contend that this Court of Criminal Appeals should also set aside Relator's sentence in cause number 22778 as a void conviction may not be used to enhance an individual's sentence under the Texas Statute. <u>Burgett</u> vs. <u>State of Texas</u>, 389 U.S.109, 112-13, 88 S.Ct. 258, 260-61,19 L.Ed. 2d 319 (1967). See also <u>Martinez</u> vs. <u>Estelle</u>,612 F.2d 173, 175 (5th Cir 1980), as Relator also claims that Relator's Counsel Larry M. Thompson at the 1980 trial was ineffective because he failed to investigate the validity of Relator's 1977 convictions, and that he wrongly advised

Relator to plea true to the enhancement counts of cause number 10085 and 10238W without explaining to Relator what the plea of true intended and it's consequence and failed to investigate the void convictions and he allowed Relator to be enhanced by the prosecutor whom used the 1977 convictions for enhancement when he should have known that they were void convictions. See Cook vs. Lynaugh,821 F.2d 1072 (5th Cir. 1987); See also La Porte vs. State, 840 S.W.2d 412 (Tex. Cr. App. 1992).

And lastly, Relator's sentence in cause number 13,472, should also be reversed for resentence, as Relator was wrongly enhanced by cause number's 10085 and 10238W as they are void convictions pursuant to La Porte vs. State,840 S.W. 2d 412 (Tex. Cr. App. 1992), and Ex Parte Sims,868 S.W. 2d 803 (Tex. Cr. App. 1993), and Ex Parte McJunkins,954 S.W. 2d 39,39-43 (Tex. Cr. App.1997); See also Martinez vs. Estelle,612 F.2d 173,175 (5th Cir. 1980); See also Spencer vs. Texas,385 U.S.554, 87 S.Ct. 648,17 L.Ed. 2d 606 (1967).

In Ex Patte Stuart, 653 S.W. 2d 13, the defendant challenged conviction, and the prior convictions uded to enhance it, through numberous applications for writ of habeas corpus Id. At one point,we cited Stuart for abuse of the writ process Id. Seven years after his conviction, Stuart, again sought habeas relief challenging the use of the prior conviction to enhance his sentences. Id. at 14. We found that Stuart's claims had merit in light of changes in the law following our affirmance of his conviction. Id. We then held that under Cooper vs. State, 631 S.W.2d 508 (Tex. Cr. App. 1982), and Ex Parte Augusta, 639 S.W. 2d 481 (Tex. Cr. App. 1982), Stuart was entitled to relief retroactively.Id. 653 S.W. 2d at 14-15.

Thus it is readily apperent in light of Schuessler and Stuart, that previous litigation of the issue does not necessarily bar it's reconsideration

Page 22.

on habeas corpus. See Ex Parte Drake, 883 S.W.2d 213 (Tex. Cr.App.1994). See also Ex Parte Lemke, 13 S.W.3d 791 (Tex. Cr. App. 2000).

Relator has wailed like a stuck pig for years while this Court has denied Relator an opportunity to be heard by this Court on Relator's convictions in cause number 10085 and cause number 10238W, as being a unkept plea bargain.

The Coprt's have performed such serious surgery on the great writ, as it applies to postconviction habeas corpus proceedings.

This Court should not forget what the Supreme Court of the United States previously pointed out in construing the habeas corpus statutes.

"While the rhetoric   celebrating habeas corpus has changed little over the centuries. (footnote deleted), it is neverthe less true that the functions of the writ have undergone drastic change...

"(H)abeas Corpus is not a static, narrow, formalistic remedy", Jones vs. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L. Ed. 2d 285 (1963), but one which must retain the ability to cut through barriers of form and procedural mazes" (Citations Omitted). The very nature of the writ demands that it be administered essential to insure that miscarriages of justice within it's reach are surfaced and corrected. (Citation deleted). Thus we have consistently rejected interpretations of the habeas corpus statutes that would suffocate the writ in stifling formalisms or hobble its effectiveness with the manacles of arcane and scholastic procedural requirement". Hensley vs. Municipal Court, 411 U.S. 345, 93 S.Ct. 1571, 36 L. Ed 2d 294 (1973).

Our habeas corpus law(s) has always been available to obtain release of any one who is unlawfully restrained of his liberty. See also Ex Parte Lemke, 13 S.W. 3d 791 (Tex. Cr. App.2000).

Clearly the failure to hear the merits of Relator's Unkept Plea bargain agreements would work a "Manifest injustice", as there is

Page 23.

controlling authority in the interim that have made a contrary decision of law applicable to the disputed issues. Falcon vs. General Telephone Co, 815 F.2d 317, 320 (5th Cir. 1987); See also La Porte vs. State, 840 S.W.2d 412 (Tex. Cr. App. 1992), and Ex Parte Sims, 868 S.W.2d 803 (Tex. Cr. App. 1993), and Ex Parte McJunkins, 954 S.W.2d 39, 39-43 (Tex. Cr. App. 1997); See also Ex Parte Lemke, 13 S.W.3d 791 (Tex. Cr. App. 2000). Plain error was committed which, if not noticed, would result in a manifest miscarriage of justice Coughlin vs. Capito Cement Co, 571 F.2d 290, 297 (5th Cir. 1978); See also Klapprutt vs. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949).

As there are no time restrictions on a lawsuit of this kind, Relator may apply for the writ any time Relator feels the burden of multiple convictions are more than Relator can bear.

Relator requests that this Court grant the Mandamus, and application for writ of habeas corpus; order Respondent to show cause why Relator should not be set at liberty; give a plenary hearing to determine the facts; and order production by the State of such documentation as may be necessary for the proper determination of this cause. Relator further prays that after determining the facts herein, the Court order Relator freed from further restraints upon his liberty, order cause number 10085 and cause number 10238W reversed for a new trial in each case and order Relator's sentences in cause number's 22778 and 13,472 reversed for a new sentencing hearing in cause number 22778 and cause number 13,472 and order Relator completely discharged from illegal custody of all Court's and cause numbers and end Relator's illegal confinement from any further custody or confinement.

Respectfully Submitted,

Robert Gordon TDCJ-ID#319173
Wynne Unit
810 FM 2821
Huntsville, Texas 77349

Page 24.

I, Robert Gordon TDCJ-ID#319173, being presently incarcerated at the Wynne Unit of the Texas Department of Criminal Justice--Institutional Division, in Walker County, Texas, declare under penalty of perjury that the foregoing is true and correct. Executed on this 20th day of _April_ 2015.

_Robert Gordon_

Robert Gordon TDCJ-ID#319173

Wynne Unit

810 FM 2821

Huntsville, Texas 77349

**ART BRENDER**

*Attorney at Law*
*1417 Eighth Avenue*
*Fort Worth, Texas 76104*

*Phone (817) 921-3731*

March 2, 1978

Mr. Robert Gordon
300 West Belknap
Fort Worth, TX 76102

Dear Mr. Gordon:

In response to your letter of February 23, I would ask
that you have your Attorney, Jeff Kearney, contact me
concerning the matter. The plea bargains in Judge
Lindsey's Court were, at that time, even though not
required by law, placed in the record, and the matters
to which you inquire should be a matter of record.

Very truly yours,

ART BRENDER

AB:ml

MOVANT EX 10

## AFFIDAVIT OF CHARLEY VALDEZ

**STATE OF TEXAS**

**COUNTY OF WALKER**

BEFORE ME, the undersigned, a Notary Public in and for the State of Texas, on this day personally appeared Charley Valdez, who, after being duly sworn, deposes as follows:

"My name is Charley Valdez. I am over twenty-one years of age, of sound mind; capable of making this affidavit; and personally acquainted with the facts herein stated.

I am employed as Program Specialist III for the Classification and Records Division ("CRD") of the Texas Department of Criminal Justice-Corrections Institutions Division, and my office is located in Huntsville, Texas. I have reviewed time records kept by the CRD regarding offender **Robert Gordon, TDCJ # 319173.** CRD maintains these records in the regular course of business of every offender confined; and it was the regular course of business for an employee or representative to TDCJ-CID with knowledge of the act, event, condition, opinion or diagnoses, recorded to make the record or to transmit information thereof to be reasonably soon thereafter. Based on my review of these records, the following table contains the current sentence information for Gordon.

| Offenses | County | Cause Number | Sentence | Sentence Date | Sentence Begin Date | Projected Mandatory Release Date | Maximum Expiration Date |
|---|---|---|---|---|---|---|---|
| Credit Card Abuse | Tarrant | 22778 | 20-years | 4-6-1981 | 6-26-1980 | 9-25-2037 | 11-22-2097 |
| Aggravated Assault W/DW | Walker | 13,472 | 99-years consecutive to cause#22778 | 5-20-1986 | Consecutive | 9-25-2037 | 11-22-2097 |

Offender Gordon was received into TDCJ custody on 5-11-1981 from Tarrant County on a 20-year sentence. Offender Gordon is charged with Credit Card Abuse by the Number Four District Court under cause number 22778. Offender Gordon is charged for an offense occurring on 6-23-1980, with sentencing on 4-6-1981, and to begin on 6-26-1980.

While in TDCJ confined at the TDCJ-Ellis Unit in Walker County, offender committed the offense of Aggravated Assault with A Deadly Weapon. Offender was sentenced to an additional 99-year sentence by the 12th Judicial District Court under cause number 13,472. Offender Gordon is charged for an offense occurring on 10-16-1984, with sentencing on 5-20-1986, and with jail credit allowed from 10-16-1984. This changed the net sentence from 20-years, to 119-years. The offender under cause number 13,472 is eligible for mandatory supervision, but is flat calculated for parole eligibility. Offender has a current parole review date of 11/2009.

On 10-16-2001 pre-sentence jail credits of 581-days was applied on cause number 13,472. The cumulative sentence begin date was changed from 6-26-1980 to 11-23-1978 due to the 581-days of cumulative jail credits pursuant to *Ex parte Bynum*, 772 S.W. 2d 113 (Tex. Crim. App. 1989).

Prior to 1987, sentences were aggregated according to statute. Article 6181-1, V.T.C.S., Sec.1(4) Defining "term" provided: "When two or more sentences are to be served consecutively and not concurrently, the aggregate of the sentences shall be considered the term for purposes of this Article." The statutory demarcation for purposes of consecutive computation was discussed by the Court of Criminal Appeals in *Ex parte Hannington*, 832 S.W. 2d 355 (Tex.Crim. App. 1992).

This is a record of offender's time earning status's to show promotion and demotion dates:
NOTE: **Effective April 1, 1995, the practice of backdating was discontinued per Board of Correction Policy:**

```
11 23 1978 TO 06 13 1982 RATE: S4    | 06 14 1982 TO 10 04 1982 RATE: L2
10 05 1982 TO 05 22 1983 RATE: L3    | 05 23 1983 TO 07 09 1983 RATE: L2
07 10 1983 TO 10 25 1983 RATE: S4    | 10 26 1983 TO 05 10 1984 RATE: L2
05 11 1984 TO 05 31 1987 RATE: L3    | 06 01 1987 TO 09 29 1987 RATE: L3 B
09 30 1987 TO 12 21 1987 RATE: L2 B | 12 22 1987 TO 03 22 1988 RATE: S4 B
03 23 1988 TO 12 15 1988 RATE: L2 B | 12 16 1988 TO 07 24 1989 RATE: L3 B
07 25 1989 TO 10 24 1989 RATE: L2 B | 10 25 1989 TO 05 10 1990 RATE: S4 B
05 11 1990 TO 08 06 1990 RATE: L2 B | 08 07 1990 TO 01 21 1991 RATE: L3 B
01 22 1991 TO 04 22 1991 RATE: L2 B | 04 23 1991 TO 08 16 1991 RATE: L1 B
08 17 1991 TO 09 30 2001 RATE: L3 B | 10 01 2001 TO 10 09 2001 RATE: L2 B
10 10 2001 TO 06 03 2004 RATE: L3 B | 06 04 2004 TO 02 10 2005 RATE: L2 B
02 11 2005 TO 09 28 2006 RATE: L3 B | 09 29 2006 TO 03 28 2007 RATE: L1 B
03 29 2007 TO _____ RATE: S4 B | _____ TO _____ RATE: ___
```

Offender Gordon completed his GED on 6-1-1987 and was awarded 60-days of good time credit on 9-18-1987. Offender has a total of 30-years, 1-month, and 23-days of flat time served, 12-years, 2-months, and 4-days of good time, and 1-month, and 30-days of bonus time credits.

**Offenders in administrative segregation shall be awarded only the amount of good conduct time credit based on their time-earning status, for as long as they remain assigned to administrative segregation status. These offenders shall not be awarded the "diligent participation" good conduct time credit.**

Pursuant to TEX. GOV'T. CODE § 501.0081, this office received a time dispute resolution forms from offender on 7-12-2001, and responded to the offender on 10-16-2001. This office responded to the offender that there was no error in his current time calculations. The offender was further advised that if he was dissatisfied with this response that he should contact State Counsel for Offenders for further assistance.

**CHARLEY VALDEZ**
**Program Specialist III**
**Classification and Records**
**Texas Department of Criminal Justice**
**Corrections Institutions Division**

**SUBSCRIBED AND SWORN TO** before me, the said Notary Public on this the 15th day of January, 2009, to certify which witness my hand and seal of office.

Notary Public In and For
The State of Texas

GENEVIEVE Z. ROSE
Notary Public, State of Texas
My Commission Expires
NOVEMBER 09, 2010

Notary without Bond

2

Exhibit C 1 of 2 Pages.

EX PARTE ROBERT GORDON

WRIT NO. 10,271

--- Habeas Corpus Application
From TARRANT County

# O R D E R

This is an application for a writ of habeas corpus which was submitted to this Court by the trial court pursuant to the provisions of Art. 11.07, V.A.C.C.P. Ex parte Young, 418 S.W.2d 824 (Tex.Cr.App. 1967).

In 1977, the applicant was convicted of the offenses of unauthorized use of a motor vehicle and theft in Tarrant County cause numbers 10085 and 10238W. Punishment was assessed at imprisonment for four years in each case. These convictions were affirmed on direct appeal. Gordon v. State, 575 S.W.2d 529 (Tex.Cr.App. 1978). In 1981, the applicant was convicted of the offense of credit card abuse in Tarrant County cause number 22778. Punishment, enhanced by proof of the prior conviction for unauthorized of a motor vehicle, was assessed at imprisonment for 20 years. This conviction was affirmed on direct appeal. Gordon v. State, 638 S.W.2d 654 (Tex.App.--Ft. Worth, 1983).

In his present application, the applicant contends that there was a bona fide doubt as to his competence to stand trial in 1977, as well as to his sanity at the time of those offenses. This application, however, presents a more serious question. This Court's records reflect that, in addition to his direct appeals, the applicant has filed five previous applications challenging one or more of these convictions.

It is obvious from the record that the applicant is continuing to raise issues which have been presented and rejected or should have been presented on direct appeal and in his prior writs. The writ of habeas corpus is too serious and important a matter to be lightly and easily abused. See Ex parte Carr, 511 S.W.2d 523 (Tex.Cr.App. 1977); Sanders v. United States, 373 U.S. 1 (1963). See also Smith v. Estelle, 562 F.2d 1006 (5th Cir. 1977); McDonald v. Estelle, 590 F.2d 153 (5th Cir. 1979); Potts v. Zant, 638 F.2d 727 (5th Cir. 1981); Hansen v. Estelle, 641 F.2d 250 (5th Cir. 1981) (delayed applications).

Exhibit C 1 of 2 Pages.

46

Exhibit C 2 of 2 Pages

EX PARTE GORDON     [Page -2-]

We hold that the applicant's contention is not only without merit, but has been waived and abaondoned by his abuse of the writ of habeas corpus.

Therefore, the Honorable Thomas Lowe, Clerk of the Court of Criminal Appeals, is not to accept or file the instant application for a writ of habeas corpus. He is also instructed not to accept in the future any applications for writ of habeas corpus attacking these convictions unless the applicant has first shown that any contentions presented have not been raised previously and a showing is made that they could not have been presented in any earlier application for habeas corpus relief.[1] Ex parte Dora, 548 S.W.2d 392 (Tex.Cr.App. 1977); Ex parte Bilton, 602 S.W.2d 534 (Tex.Cr. App. 1980).

IT IS SO ORDERED this the 25th day of May, 1983.

PER CURIAM

En banc

---

[1]  In Ex parte Dora, *supra*, this Court explained the duty of the trial court after the entry of an abuse order as follows:

> "Where a petitioner has been previously cited for an 'abuse of the Great Writ,' the trial court should not thereafter consider the merits of any application for writ of habeas corpus filed by that petitioner. The trial court should, however, review the application and make findings that this petitioner has abused the writ in the past, thus making the review procedure of this Court more efficient. The transcript should be forwarded to this Court, just as in all other cases, pursuant to our automatic review jurisdiction. See Art. 11.07, Sec. 2(a), *supra*. The writ transcript should, of course, be forwarded to this Court within fifteen days of the trial court's order. See Art. 11.07, Sec. 2(c), *supra*,"

A True Copy
Attest:
Thomas Lowe, Clerk
Court of Criminal Appeals of Texas

By

Exhibit C 2 of 2 Pages.

## CONDITIONS OF PROBATION:

THE STATE OF TEXAS     IN CRIMINAL DISTRICT COURT NO. 3
VS. NO. 10085, 10238W     TARRANT COUNTY, TEXAS

Robert Gordon     May 12, 1977

In accordance with the authority conferred by the Adult Probation and Parole Law of the State of Texas,
I have been placed on Probation on this 12th day of May 19 77, for a period of
____ years, for the offense of UNAUTHORIZED USE OF A MOTOR VEHICLE (10085)
THEFT OF PROPERTY OVER $200 & UNDER $10,000 (10238W)

the Honorable Charles W. Lindsay , Judge, Criminal District Court No. 3 ,
Tarrant County, Texas.

It is the ORDER of the Court that you shall comply with the following terms and conditions of Probation:
Commit no offense against the laws of this State or any other State or the United States;
Avoid injurious or vicious habits;
Avoid persons and places of disreputable or harmful character;

Report to the Adult Probation Officer of Tarrant County, Texas, on the 6th day of June
_____, 19 77, and on the 6th day of each month thereafter, during
Probation;
Permit the Probation Officer to visit you at your home or elsewhere;
Work faithfully at suitable employment as far as possible;
Remain within the limits of Tarrant County, Texas, unless given permission by the Tarrant County Adult
Probation Officer to leave therefrom;
Support your dependents;
Notify the Adult Probation Officer of Tarrant County, Texas, if your address or employment is changed,
within five days from the date of change;
Pay to and through the Adult Probation Officer of Tarrant County, Texas, the following:

1. COURT COST in the amount of $ 70.00 , at the rate of $ 10.00 per month :
   the first payment to be made on the 6th day of June , 19 77, and a like payment
   on the 6th day of each month thereafter until full payment is made;
2. PROBATION FEE in the amount of $ 10.00 on the 6th day of June , 19 77,
   and on the 6th day of each month thereafter during Probation;
3. RESTITUTION in the amount of $_____ at the rate of $_____ per_____ :
   the first payment to be made on the_____ day of_____, 19____, and a like payment
   on the_____ day of each month thereafter until full payment is made;
4. FINE in the amount of $_____ at the rate of $_____ per_____ : the first
   payment to be made on the_____ day of_____, 19____, and a like payment on the
   _____ day of each month thereafter until full payment is made.

Submit to a period of detention in the County Jail of Tarrant County, Texas, to serve a term of imprisonment of_____ days, to begin on the_____ day of_____, 19____.

FILED
CRIMINAL DISTRICT COURT No. 3
TARRANT COUNTY, TEXAS

MAY 12 1977

J. W. BOORMAN
DISTRICT CLERK
By_____

You are advised that under the laws of this State, the Court has determined and imposed the above terms
and conditions of your Probation, and may at any time during the period of Probation alter or modify them.
The Court also has the authority, at any time during the period of Probation, to Revoke your Probation for any
violation of the conditions of your Probation set out above.
The Court has placed you on Probation, believing that if you sincerely try to obey and live up to the conditions of your Probation, your attitude and conduct will improve to the benefit of the public and yourself.

_____
Judge

This day, a copy of the conditions of Probation was handed to me by the Clerk of this Court.

Robert Gordon
Probationer

nes. _____
Probation Officer

ess: _____
Court Clerk